# Benjamin R. Cahn, Appellee, v. Northwestern Mutual Life Insurance Company, Appellant.

## Gen. No. 20,353.

1. APPEAL AND ERROR, § 269*—*when judgment for portion of amount claimed final.* A judgment on an affidavit of merits of the defendant for a portion of the amount claimed by the plaintiff taken under section 55 of the Practice Act of 1907 (J. & A. ¶ 8592) is a final judgment and appealable.

2. PLEADING, § 232*—*when permission to file amended affidavit of merits in discretion of court.* It rests within the discretion of the trial court to allow a second amended affidavit of merits to be filed after the original affidavit and an amended affidavit have been stricken on motion of plaintiff.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3.  APPEAL AND ERROR, § 966*—*when proceedings after appeal perfected not reviewed.* Where an appeal has been perfected from a judgment on an affidavit of merits of the defendant, the Appellate Court will not consider an order of the trial court made thereafter overruling a demurrer to counts of the declaration.

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1914. Reversed and remanded. Opinion filed March 29, 1915.

GEORGE H. NOYES and HERRICK, ALLEN & MARTIN, for appellant.

SILBER, ISAACS, SILBER & WOLEY, for appellee; FREDERICK D. SILBER, of counsel.

**Statement by the Court.** November 15, 1913, the plaintiff, Cahn, sued the defendant, the Northwestern Life Insurance Company, in an action of assumpsit in the Circuit Court of Cook county. November 21, 1913, he filed a declaration in four counts. The first three were special counts setting up an alleged liability on a certain policy of life insurance. The fourth was *"indebitatus* assumpsit" on the consolidated common money counts. With his declaration he filed an affidavit of claim in which he swore .that the defendant was indebted to him "in the sum of $6245.50, together with interest thereon at the rate of five (5) per cent. per annum from December 11, 1911, to the date of judgment herein upon a policy of life insurance" attached to the declaration as an exhibit. Such an exhibit was attached.

December 16, 1913, a general and special demurrer was filed by the defendant to the first, second and third counts of the declaration, with an affidavit of an agent of the defendant that the demurrer was not interposed

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

for delay, and a certificate of counsel that in their opinion it was well founded in law. At the same time a plea of nonassumpsit was filed by the defendant to the fourth count of the declaration, together with an affidavit of an agent of the defendant that he verily believed that the defendant had "a good defense upon the merits to the whole of the plaintiff's demand set out in the fourth count of the plaintiff's declaration."

December 23, 1913, the court on the motion of the plaintiff entered an order striking the said affidavit of merits from the files and ruling the defendant to file a new affidavit of merits within seven days.

December 29, 1913, the defendant filed an amended affidavit of merits made by its agent, in which he supplemented the statement set forth in his affidavit of December 16th with the statement that "the nature of such defense is that the claim of said plaintiff as shown by his affidavit of claim is upon a policy of life insurance, that no recovery can be had upon such policy under said fourth count and that defendant is not indebted to said plaintiff as to said fourth count, nor was said defendant at the time of the commencement of this suit or at any other time so indebted."

January 3, 1914, on motion of the plaintiff, the court struck this amended affidavit of merits from the files and granted leave to the defendant to file a new affidavit of merits within ten days.

Seven days thereafter, on January 10, 1914, the plaintiff moved the court "to enter judgment in his favor and against the defendant upon the plaintiff's affidavit of claim * * * for the sum of $6245.50, together with interest on said sum at five per cent per annum from December 11, 1911, to the date of the entry of such judgment; said judgment to be entered by default for want of a legal and sufficient affidavit of merits," etc. The motion was denied. To the denial the plaintiff excepted.

Cahn v. Northwestern Mutual Life Ins. Co., 192 Ill. App. 172.

January 12, 1914, the defendant filed an affidavit by its same agent, the material parts of which are as follows:

"FIRST: That affiant verily believes that the defendant has a good defense upon the merits to the whole of the plaintiff's demand set out in the fourth count of the plaintiff's declaration herein; that the nature of such defense is, that the claim of the plaintiff is as shown by his affidavit of claim upon a policy of life insurance, a copy of which is attached to the declaration herein; that said policy cannot be introduced in evidence by the plaintiff under said fourth count; that no recovery by the plaintiff can be had upon such policy under said fourth count, and that the defendant is not indebted to the plaintiff under said fourth count, nor was the defendant at the time of the commencement of this suit or at any other time so indebted.

SECOND: Affiant further says that even if said policy may be introduced in evidence by the plaintiff under said fourth count and any recovery thereon by the plaintiff had under said fourth count, affiant verily believes that the defendant has a good defense to this suit upon the merits to all of said plaintiff's demand except the sum of Two Thousand Three Hundred Ninety-six and 98/100 Dollars ($2,396.98) and that the nature of such defense is as follows:

That pursuant to the terms of said policy, the plaintiff on or about the eleventh (11th) day of December, 1911, elected, as between certain options given to the plaintiff by paragraph ten (10) of said policy to withdraw in cash the accumulated surplus apportioned by the defendant to said policy, leaving said policy full paid for its face; that the accumulated surplus was as provided in said policy duly apportioned by the defendant to said policy and that the amount so apportioned by the defendant thereto was the sum of Two Thousand Three Hundred Ninety-six and 98/100 Dollars ($2,396.98); that under the provisions of said policy the amount and the only amount which the plaintiff would in any view be entitled to recover on said

policy would be said amount of Two Thousand Three Hundred Ninety-six and 98/100 Dollars ($2,396.98), so apportioned to said policy; that said amount of Two Thousand Three Hundred Ninety-six and 98/100 Dollars ($2,396.98) was prior to the commencement of this suit duly tendered by the defendant to the plaintiff, and that said amount so tendered to the plaintiff he refused to receive.

Affiant further says that the defendant never at any time stated or represented to the plaintiff or promised the plaintiff, either in writing or otherwise, that the defendant would pay to the plaintiff the tentine surplus accruing under said policy in the sum of Six Thousand Two Hundred Forty-five and 50/100 Dollars ($6,245.50), or any other amount except the amount apportioned by the defendant to said policy, which said amount so apportioned was, as hereinbefore stated, the said sum of Two Thousand Three Hundred Ninety-six and 98/100 Dollars ($2,396.98); and that the defendant never made any promise or guaranty to the plaintiff to pay any other sum or perform any obligation other than as stated in said policy."

January 16, 1914, on motion of the plaintiff, the pleadings standing as before stated, and without offer of evidence from either party, the court entered the following order:

"This cause coming on to be heard this day upon the motion of the plaintiff for judgment against the defendant upon the amended affidavit of merits filed by the defendant on January 12, 1914:

And it appearing to the Court that the defendant in and by said amended affidavit of merits admits that there is due to the plaintiff the sum of $2,396.98, and that said indebtedness arose on December 11, 1911, and is now due and owing to the plaintiff;

And the Court having heard argument of counsel and being fully advised in the premises;

It is ordered that the plaintiff, Benjamin R. Cahn, do have and recover of and from the defendant, Northwestern Mutual Life Insurance Company, a corporation, the sum of $2,396.98, together with interest upon

said sum at five per cent. per annum from December 11, 1911, to this date, amounting to the further sum of $249.70, making a total of $2,646.68, for which sum last aforesaid the Court does here and now enter judgment in favor of plaintiff and against the defendant under Section 55, Chapter 110, of the Revised Statutes.

And it is further ordered that the plaintiff shall have execution for the said sum of $2,646.68 damages.

It is further ordered that this cause shall proceed as to that portion of the demand of the plaintiff in dispute as if this suit had been brought therefor."

From this judgment the defendant appealed to this court. The appeal was perfected by the filing of an appeal bond and the approval of the same February 7, 1914.

On February 28, 1914, the Circuit Court overruled the demurrer that had been filed to the first three counts of the declaration and ordered the defendant to plead to said declaration within twenty days.

March 4, 1914, the appellant filed a transcript of record in this court, showing only the proceedings in said cause up to the time of perfecting its appeal. On this transcript the appellant assigned as error the rendering the judgment, the allowance of interest, the allowance of the motion for judgment on the amended affidavit of merits filed January 12, 1914, and the findings that said amended affidavit of merits admitted that $2,396.98 was due to the plaintiff or that said indebtedness or any indebtedness arose on December 11, 1911.

The appellee assigned as cross-error on the same transcript that the Circuit Court erred in denying the motion of appellee on January 10, 1914, for judgment on the appellee's affidavit of claim, that it erred in granting leave to file a second amended affidavit of merits after striking the original affidavit and the first amended one from the files for insufficiency, and that it erred in entering judgment for $2,396.98 and inter-

est instead of for $6,245.50, the amount alleged to be due appellee by his affidavit of claim.

The appellee suggested a diminution of the record and on March 9, 1914, filed a supplemental record, which contained the order of the Circuit Court of February 28, 1914, overruling the demurrer to the declaration.

March 11, 1914, the appellee filed in this court a motion to dismiss the appeal on the ground that the judgment appealed from rendered under section 55 of the Practice Act of June 3, 1907, for a portion of the plaintiff's demand only, was an interlocutory and not a final and appealable one. This motion was reserved by the court to the hearing.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

Although this appeal has been somewhat elaborately argued on both sides, the prefixed statement shows that the questions involved are few and simple.

The motion made by the appellee to dismiss the appeal is denied. We have before had occasion to consider the final character of a judgment like the one at bar, taken under section 55 of the Practice Act of 1907, in *Madden v. Ferguson,* 182 Ill. App. 210, and the conclusion then reached remains our opinion. A judgment on an affidavit of merits of the defendant for a portion of the amount claimed by the plaintiff is a final judgment. It is an absolute and unconditional order for the payment of money, on which final process may issue. It involves the merits of the case. It disjoins the portion of the claim from which the judgment is rendered from the rest as finally as though separate suits had been brought. There is no doubt that such judgments, and, indeed, judgments much less final in essence, have been held "final" and appealable by our courts. For example, see *Blake v. Blake,* 80 Ill. 523, and *Lester v. People,* 150 Ill. 408.

We see no merit in the contention made to support plaintiff's assigned cross-errors, that the Circuit Court erred in not rendering judgment at the plaintiff's request on January 10, 1914. It was entirely within the discretion of the court to allow a second amended affidavit as it did. The answer of the appellant to the appellee in this particular is irrefragable. The argument of appellee, as it is said, amounts at most to the position that the court might without error have denied leave to file another amended affidavit if the original affidavit and the first amended one were justifiably stricken. "Assuming this to be true, it has no tendency to show that it was error for the Court to exercise its discretion in favor of allowing the affidavit to be filed."

The argument made by the appellee that the order of the Circuit Court of February 28, 1914, overruling the demurrer to the first three counts of the declaration is of any importance in this appeal, or can indeed be considered, is manifestly unsound. We can consider the matter only as it stood on February 7, 1914, when the appeal was perfected. The "Supplemental transcript of record" is useless to us.

The question before us therefore is whether the court was in error in entering on January 16, 1914, over the objection of the defendant, a judgment against it in favor of the plaintiff for $2,396.98, with interest on said sum from December 11, 1911.

The judgment was justified, if at all, only by the application of section 55 of the Practice Act to the affidavit of merits filed by the defendant on January 12, 1914.

Were there no other objection to the judgment, the addition of the interest from December 11, 1911, would vitiate it. Even if the affidavit were to be considered an admission of any sum due to the plaintiff from the defendant, it could only be of $2,396.98 without inter-

180 APPELLATE COURTS OF ILLINOIS.

Cahn v. Northwestern Mutual Life Ins. Co., 192 Ill. App. 172.

est. It says indeed that it was on or about December 11, 1911, that the plaintiff elected "to withdraw in cash the accumulated surplus apportioned by the defendant to said policy," but it says nothing about the time when the accumulated surplus was "apportioned." Nor do we think that there is any presumption that the apportionment was made on the day the election was made or before. It was the apportionment and not the election which fixed the indebtedness.

But there was a more fundamental objection not only to the rendering of a judgment for the amount for which it was rendered, but for any amount, as the pleadings and record of the cause stood on January 16, 1914.

The declaration was in four counts. To three of them a general and special demurrer was pending, presenting issues of law and rendering it improper and unjustifiable to take them into account in considering whether a judgment should be rendered under section 55 of the Practice Act.

To the fourth count a plea of the general issue was on file. The judgment, if justified at all, must be justified under these pleadings and the affidavit of merits of the defendant and section 55 of the Practice Act as applied to them. The Practice Act says:

"If the affidavit of defense is to only a portion of the plaintiff's demand, the plaintiff shall be entitled to a judgment for the balance of his demand, and the suit shall thereafter proceed as to the portion of the plaintiff's demand in dispute," etc.

But the affidavit on which the judgment in this case was rendered begins first of all by stating that the affiant "verily believes that the defendant has a good defense to the *whole* of the plaintiff's demand set out in the fourth count of the plaintiff's declaration," and it proceeds to say that no recovery can be had under the fourth count on the claim of the defendant, be-

cause in effect the claim made in the affidavit of claim is not one that can come under the statements of the fourth count. That is what the position amounts to, that a claim on a policy of insurance of this kind cannot be introduced under the consolidated money counts. The position is moreover rightly taken. *Heffron v. Rochester German Ins. Co.*, 220 Ill. 514. But because the defendant, after saying in his affidavit that it is not indebted to the plaintiff under the fourth count, goes on in effect to say, as an alternative position, that even if said policy might be introduced in evidence under the fourth count (which he has before denied that it could), it could not be held liable for more than $2,396.98, and gives its reasons therefor,—it is insisted by appellee that the court could, with the plea of the general issue and this affidavit still on file, treat the affidavit of defense as one "to only a portion of the plaintiff's demand," and the amount of $2,396.98 as not "in dispute." We do not think this was a correct construction of the statute. It is tantamount, as counsel for appellant say, to construing it as doing away with all requirements, that a judgment must be responsive to the pleadings and issues in the case in which it is entered. We think that the clause above quoted was an amendment designed only to abolish the common-law rule that there could be but one final judgment in common-law action of assumpsit.

It never was meant to allow judgment on the consideration of affidavits by the court irrespective of the state of the pleadings, or to turn a denial of indebtedness under the pleadings into an "admission" or "confession" of judgment.

The judgment is reversed and the cause remanded to the Circuit Court.

*Reversed and remanded.*