F. N. Matthews & Company, Appellant, v. Morris
Lilienthal et al., Appellees.

Gen. No. 23,274.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. CHARLES
A. WILLIAMS, Judge, presiding. Heard in this court at the March
term, 1917. Reversed and remanded. Opinion filed December 3,
1917. Rehearing denied December 17, 1917.

### Statement of the Case.

Action by F. N. Matthews & Company, a corpora-
tion, plaintiff, against Morris Lilienthal and others,
defendants, to recover damages for breach of con-
tract, to which defendants filed a statement of coun-
terclaim.  Plaintiff's statement of claim and affidavit
of merits were stricken from the files on defendants'
motion and plaintiff elected to stand by it, whereupon
judgment was entered by the court on defendants'
statement of counterclaim for $1,796.18, to reverse
which plaintiff appeals.

FRANK & LURIE, for appellant.

McEWEN, WEISSENBACH & SHRIMSKI, for appellees;
JEROME J. CERMAK, of counsel.

MR. JUSTICE DEVER delivered the opinion of the
court.

### Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 13*—what are essentials of
pleadings in.  Even though no formal written pleadings are required
in fourth-class cases in the Municipal Court of Chicago, the state-
ment of claim must show that plaintiff has a good cause of action
and the affidavit of merits must show that defendant has a legal
defense.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

F. N. Matthews & Co. v. Lilienthal, 208 Ill. App. 302.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*what are essentials of statement of claim in fourth-class case.* The provision of the Municipal Court Act (section 40, J. & A. ¶ 3352), that a statement of claim need not set forth the cause of action with the particularity required in a declaration at common law does not obviate the necessity that the statement in a fourth-class case show a legal liability of a defendant to a plaintiff.

3. CONTRACTS, § 8*—*when contract not to sell to competitors is void for uncertainty.* A contract by which a seller agrees not to sell any like or similar articles to the purchaser's competitors within specified territorial limits, without any time limits being fixed for compliance with its terms by the parties and which makes the purchase of any goods and the amount to be purchased optional with the purchaser, while it requires the seller to deliver the purchaser such goods as he may order, without specifying any means for determining the terms or prices, is unenforceable, in so far as executory, because uncertain and indefinite.

4. DAMAGES, § 61*—*when for loss of profits not recoverable.* A claim for damages for an alleged loss of profits cannot be sustained when based on a failure to comply with the executory terms of a contract which are so uncertain and indefinite as to be unenforceable.

5. MUNICIPAL COURT OF CHICAGO, § 13*—*when plaintiff's statement of claim and affidavit of merits are defective.* Where a defendant's statement of counterclaim sets up the delivery to and retention by plaintiff of certain merchandise and plaintiff's statement of claim and his affidavit of merits to the counterclaim alleges his election to return the merchandise without, however, it appearing therein that he had possession thereof at the time of the trial, plaintiff's statement and affidavit are defective.

6. PLEADING, § 367*—*when affidavit of merits is improperly stricken from files.* An affidavit of merits to a counterclaim which presents a valid defense to a part of the counterclaim is improperly stricken from the files.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.