## F. N. Matthews & Company, Appellant, v. Morris Lilienthal et al., Appellees.

### Gen. No. 24,642.

1. SET-OFF AND RECOUPMENT—*judgment on affidavit of merits to counterclaim.* Section 55 of the Practice Act (J. & A. ¶ 8592), providing that if the affidavit of defense is to only a portion of plaintiff's demand, judgment may be entered for the balance, and the suit shall thereafter proceed as to the portion in dispute, did not authorize the court to enter judgment on defendants' counterclaim for a part of defendants' demand and to order that the cause proceed to trial as to the balance in dispute, where plaintiff's affidavit of merits, although not setting forth a sufficient defense to a part of such counterclaim, did not admit the validity of any part of the claim within the purview of said section.

2. SET-OFF AND RECOUPMENT—*judgment on affidavit of merits to counterclaim.* An affidavit of merits to a counterclaim which set forth that "affiant verily believes said plaintiff has a good and meritorious defense to the whole of defendants' counterclaim; that the nature of said defense is as follows," etc., did not warrant a judgment in favor of defendants under section 55 of the Practice Act (J. & A. 8592), although it failed to set forth a sufficient defense as to part of the claim.

Appeal from the Municipal Court of Chicago; the Hon. HARRY M. FISHER, Judge, presiding. Heard in this court at the October term, 1918. Reversed and remanded with directions. Opinion filed October 27, 1919.

HERMAN FRANK, for appellant.

CERMAK & McCLELLAN, for appellees.

MR. JUSTICE DEVER delivered the opinion of the court.

This is an appeal by plaintiff from a judgment of the Municipal Court of Chicago.

A former judgment in the case was reversed and

the cause remanded by this court. 208 Ill. App. 302. The case was redocketed in the Municipal Court and a judgment was entered in that court in favor of defendants on a counterclaim. The suit was originally begun by plaintiff to recover damages for the breach of a contract. The affidavit in support of plaintiff's claim set up a written contract between plaintiff and the defendants, and it was sought thereby to show that after allowing the defendants all just and legal claims the defendants were indebted to plaintiff. The trial court on motion of defendants entered a judgment on defendants' counterclaim for the sum of $1,375.96, and it was ordered that the cause should proceed to trial as to a balance of the counterclaim in dispute.

An examination of the record discloses that plaintiff did not admit that it was indebted to the defendants in any sum whatsoever. The trial court held that the plaintiff's affidavit of merits was an insufficient defense to a part of the counterclaim. Whether the court was right in thus holding need not be determined upon this appeal, as it is our opinion that the court erred in entering a judgment on motion of defendants for a part of defendants' counterclaim and setting the cause down for trial as to that portion of the claim which under the pleadings presented a triable issue.

The trial court held that under the rules of the Municipal Court and the statutes of Illinois, the plaintiff by its amended affidavit of merits had admitted that it had no defense to a portion of defendants' counterclaim. While it may or may not be true that the affidavit does not set forth a sufficient defense to a part of the counterclaim, it does not admit the validity of any part of the claim within the purview of section 55 of the Illinois Practice Act (J. & A. ¶ 8592), which is as follows:

"If the affidavit of defense is to only a portion of the plaintiff's demand, the plaintiff shall be entitled

to a judgment for the balance of his demand, and the suit shall thereafter proceed as to the portion of the plaintiff's demand in dispute," etc.

The plaintiff's amended affidavit of merits set forth that "affiant verily believes said plaintiff has a good and meritorious defense to the whole of defendants' counterclaim; that the nature of said defense is as follows," etc.

It was held in the case of *Cahn v. Northwestern Mut. Life Ins. Co.,* 192 Ill. App. 172, that under section 55 of the Practice Act (J. & A. ¶ 8592) a valid judgment could be entered as to a portion of a claim where the defendant's affidavit of merits shows unequivocally or by admission that the defendant was indebted to the plaintiff for such part of the claim. In its opinion the court said:

"But the affidavit on which the judgment in this case was rendered begins first of all by stating that the affiant 'verily believes that the defendant has a good defense to the whole of the plaintiff's demand set out in the fourth count of the plaintiff's declaration,' and it proceeds to say that no recovery can be had under the fourth count on the claim of the defendant, because in effect the claim made in the affidavit of claim is not one that can come under the statements of the fourth count.

\*    \*    \*    \*    \*    \*    \*

"It never was meant to allow judgment on the consideration of affidavits by the court irrespective of the state of the pleadings, or to turn a denial of indebtedness under the pleadings into an 'admission' or 'confession' of judgment."

Section 55 of the Practice Act (J. & A. ¶ 8592) was enacted for the purpose of avoiding a technical difficulty frequently resulting from an adherence to the common-law rule against interlocutory judgments. Under this section of the statute the courts are authorized to enter judgment for part of a claim only in cases where it appears that no defense at all is

made to a part of plaintiff's demand, or where a portion of such demand is admitted.

In the present case there is no admission on the part of the plaintiff that any part of the counterclaim of the defendants is justly due. In its affidavit of merits the plaintiff states that it is not indebted to the defendants in any sum whatsoever because of damages suffered by the plaintiff "by reason of a breach by the defendants of a written contract," etc., and the affidavit attempts to show wherein the alleged breach of the contract resulted in furnishing the plaintiff with sufficient defense to the whole of the counterclaim.

In the case of *McKey v. Provus*, 181 Ill. App. 364, it was held that where it appeared from the pleadings that the defendant admitted indebtedness as to certain items of a plaintiff's demand a valid judgment could be entered as to the sum of such items. But we have been unable to find any authority which holds that under section 55 of the Practice Act (J. & A. ¶ 8592), or under similar statutes, an interlocutory judgment may be entered for a part of an entire claim merely because a pleading which is relied upon as a defense to the whole of a demand is held to be as to a part thereof insufficient. This is not, in our view, quite the same thing as an admission of indebtedness as to such part.

The judgment of the Municipal Court will be reversed and the cause remanded with directions to enter an order or orders in the cause not inconsistent with the views herein expressed.

*Reversed and remanded with directions.*