## Dave Boim, Appellee, v. Russian American Bureau, Appellant.

### Gen. No. 27,754.

1. APPEAL AND ERROR—*appealability of judgment where affidavit of defense to part of claim only.* A judgment for a portion of plaintiff's claim, entered under the Practice Act, sec. 55, Cahill's Ill. St. ch. 110, ¶ 55, providing that if the affidavit of defense is only to a portion of plaintiff's demand he shall be entitled to a judgment for the balance of his demand and suit shall thereafter proceed, is a final, appealable judgment.

2. JUDGMENTS—*sufficiency of affidavit of defense to raise issue of fact.* It is error to enter judgment for plaintiff for part of his claim under Practice Act, sec. 55, Cahill's Ill. St. ch. 110, ¶ 55, authorizing such judgment if the affidavit of defense is to a portion only of plaintiff's demand, where plaintiff claims return of money paid to defendant to be used for the transportation of emigrants from Poland within a specified time or returned to plaintiff, and the affidavit of defense, which is stated to be to the whole of plaintiff's demand, alleges the impossibility of transporting such emigrants, the making of a new contract to apply the money to their support, the application of at least a part and possibly all of such fund to their support, defendant's efforts to get an accounting from the Polish bank to which the money was forwarded and its inability to do so because of unsettled conditions, and that it acted only as plaintiff's agent in forwarding the fund.

Appeal by defendant from the Municipal Court of Chicago; the Hon. C. F. MCKINLEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1922. Reversed and remanded. Opinion filed December 5, 1922.

ROSENTHAL, KURZ & HOULIHAN, for appellant; FRANK MICHELS, of counsel.

No appearance for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

This is an appeal from a judgment for $316.19 ren-

dered against defendant on December 19, 1921, by the municipal court of Chicago, for a portion of plaintiff's claim, on defendant's second amended affidavit of merits, by virtue of the provisions of section 55 of the Practice Act [Cahill's Ill. St. ch. 110, ¶ 55]. Such judgment is a final one and appealable. (*Cahn v. Northwestern Mut. Life Ins. Co.*, 192 Ill. App. 172, 178.) No printed brief and argument has been filed in this appellate court by plaintiff.

In his statement of claim, filed October 6, 1921, plaintiff alleged that defendant is indebted to him in the sum of $500, being an amount he deposited with defendant on December 7, 1920, as per memorandum of that date, as follows:

"We acknowledge receipt of you of $500, which money is to be used by us for the transportation of Elke Boim, 26 years of age, sister; Fejga Boim, 21 years of age, sister, at present residing at miaste Katerburg, powiat Kremenecki, na Wolyny, in Poland, from that city to Chicago, Illinois. This order is to be executed within five months from date, after which we concede to you the right to cancel it and claim a return of the above deposit in full. The above passengers are to be shipped via the port of Antwerp."

Plaintiff further alleged that defendant failed to perform its said promise in that, though he often demanded of defendant the return of said $500, defendant refused and still refuses so to do.

Defendant entered its appearance and demanded a jury trial. In its second amended affidavit of merits, filed November 29, 1921, and sworn to by Frank Michels, its duly authorized agent, it is alleged that defendant has a good defense to the *whole* of plaintiff's demand. After admitting that plaintiff had deposited with defendant said sum of $500 for the purposes mentioned, it is further alleged, in substance, that plaintiff's sisters were transported from the point mentioned in said memorandum to the City of Warsaw; that when they arrived there about 200,000 emi-

grants on the waiting list of the American Consulate were also there, demanding visés to this country, and because of this situation and the stringent regulations of the United States Government regarding immigration at the time, it was impossible to secure visés for plaintiff's sisters so as to secure their admission to this country, and by reason of this said written contract was by mutual agreement of the parties terminated; that thereafter plaintiff, about February 1, 1921, *entered into an oral contract* with defendant, whereby he requested defendant to forward said sum of money to a bank at Warsaw, Poland, to be used for the support of said sisters who were then in destitute circumstances, and defendant thereupon forwarded said sum to a bank in that city; that pursuant to this oral contract, defendant thereafter caused various sums of Polish money to be paid for and on behalf of said sisters through said Warsaw bank, from time to time from February to April, 1921, of the value of $117.66, and expended in cablegrams on plaintiff's account the further sum of $16.15, or a total of $133.81; that defendant used reasonable care in the selection of said bank, but has not as yet been able to secure an accounting from it as to the balance of said $500; that it is possible that said Warsaw bank may have advanced other moneys to said sisters; that defendant received no demand from plaintiff for the return of any part of said $500 prior to the commencement of the present suit; that immediately after defendant received notice of this suit it communicated with, and is now in communication with, said Warsaw bank, attempting to secure an accounting from it and also the return of the unexpended balance; that because of the unstable government now existing in Russian Poland, it takes from one to six months for a letter to reach that country from Chicago; that defendant was only employed by plaintiff as his agent in transmitting the $500 to Warsaw under said oral contract; and that in

addition to the advancements made as aforesaid defendant is entitled to be credited with the reasonable fee of $50 for its services, and with the reasonable fee for the services rendered by said Warsaw bank, the amount of which fee cannot be determined until a final accounting is received from it.

In the judgment order it is recited that to plaintiff's statement of claim defendant has filed an affidavit *"admitting* that there is due to the plaintiff from the defendant the sum of $316.19," and that said affidavit "is to only a portion of the plaintiff's demand," and judgment for said amount is entered against the defendant and the court "reserves for future determination and adjudication the matter of the balance of the plaintiff's demand."

In section 55 of the Practice Act [Cahill's Ill. St. ch. 110, ¶ 55] it is provided that: "If the affidavit of defense is only to a portion of the plaintiff's demand, the plaintiff shall be entitled to a judgment for the balance of his demand, and the suit shall thereafter proceed as to the portion of the plaintiff's demand in dispute as if the suit had been brought therefor."

After considering plaintiff's statement of claim and defendant's affidavit of defense, as well as section 55 of the Practice Act, we do not think that the court was justified in entering the judgment. The defendant in his affidavit did not admit that $316.19, or any other definite sum, was due to plaintiff. Its defense was to the *whole* of plaintiff's demand. It is apparent that the amount of the judgment, as entered, was arrived at by the court allowing to defendant the said sums of $117.66 and $16.15, mentioned in the affidavit, and also the sum of $50 for its fee as claimed, amounting in all to $183.81, and deducting this total amount from the $500 originally deposited by plaintiff with defendant. Under the peculiar state of facts as alleged in the affidavit we do not think that the court could properly

enter a judgment on the affidavit as to any portion of the plaintiff's demand. (*Cahn v. Northwestern Mut. Life Ins. Co.,* 192 Ill. App. 172, 180.) There should be a trial upon the merits. It may be that when such a trial is had it will appear that the Warsaw bank, since the date of the filing of defendant's affidavit, has fully accounted with defendant for said $500, and what balance, if any, is due plaintiff from defendant. And, even if it should then appear that the Warsaw bank has not fully and properly accounted as to the fund intrusted to it, we think that the defendant is entitled to a hearing on the question whether, if the oral contract between the parties was made as alleged, it is liable to plaintiff for the acts or omissions of said Warsaw bank. (*Fanset v. Garden City State Bank,* 24 S. D. 248, 252; *Alemian v. American Exp. Co.,* 237 Mass. 580, 584; *Wilson v. Carlinville Nat. Bank,* 187 Ill. 222, 224.)

The judgment of the municipal court is reversed and the cause is remanded for a trial upon the merits.

*Reversed and remanded.*

BARNES, P. J., and MORRILL, J., concur.