DONATT ARCHAMBAULT *et al.*, Plaintiffs-Appellants, *v.*
RELIANCE INSURANCE COMPANY OF ILLINOIS, Defendant-Appellee.

First District (5th Division)    No. 80-43

Opinion filed April 16, 1981.

Rabens, Formusa & Glassman, of Chicago, for appellants.

Clausen, Miller, Gorman, Caffrey & Witous, of Chicago (James T. Ferrini, of counsel), for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Plaintiffs appeal from the grant of summary judgment to defendant in an action seeking a declaration that defendant was liable for a fire loss because of its failure to provide insurance coverage on the premises involved. They contend that summary judgment was improperly granted because of the existence of material issues of fact, and in its brief here defendant has raised a question as to our jurisdiction.

It is alleged in plaintiffs' complaint that prior to residing in the premises which are the subject of this action, they lived in a home which was insured for loss and damage by fire under a homeowner's policy of insurance issued by defendant (the prior policy); that in December 1976, plaintiffs and their in-laws entered into a contract to purchase the subject

property (the new premises); that on or about March 17, 1977, J. Jerome Eastman, an agent of defendant, offered to provide insurance coverage on the new premises; that plaintiffs accepted the offer and asked Eastman to issue a binder thereon; that Eastman advised them coverage could not be bound until the closing of the real estate transaction for the new premises; that Eastman advised plaintiffs to contact him by telephone immediately upon the closing to permit binding and issuance of a policy of insurance; that after the closing on or about May 28, 1977, plaintiffs repeatedly telephoned the office of Eastman to notify him of the closing; that Eastman neglected to respond to the plaintiffs' telephone messages; that the new premises were severely damaged by fire on June 6, 1977; and that defendant subsequently denied any liability because neither a binder nor a policy had been issued at the time of the fire. In their prayer, plaintiffs asked for a declaration of the rights of the parties with respect to the existence of insurance coverage relative to the loss and damage by the fire to the new premises, and to determine the amount of loss and damage pursuant to the terms and provisions of a standard form homeowner's policy which was attached to the complaint.

After considerable discovery was undertaken, defendant moved for summary judgment on the basis that "no contract of insurance was effected between plaintiffs and defendant as a result of the negotiations commencing between plaintiffs and J. Jerome Eastman on or after March 15, 1977." On May 31, 1978, the court granted summary judgment for defendant and, in its order, ruled that defendant had no liability to plaintiffs for the subject loss other than may have existed under the prior policy issued by defendant on plaintiffs' prior residence. The court also found no just reason to delay enforcement or appeal of its order granting summary judgment.

On June 20, 1978, plaintiffs filed a post-trial motion seeking vacatur of the summary judgment. On September 28, 1978, the court entered an order which (1) denied the post-trial motion, and (2) gave plaintiffs 28 days within which to file an amendment to their complaint relative to their claim against defendant for recovery under the provisions of the prior policy issued by defendant on their former residence. On October 20, 1978, plaintiffs filed an amendment entitled "Count II" in which they asserted a claim under the prior policy insuring their former home on the basis that it covered the loss of personal property damaged in the fire on the new premises.

Thereafter, on December 2, 1979, pursuant to a stipulation of the parties that all matters in controversy as to count II had been settled, the court entered an order dismissing plaintiffs' action. On December 21, 1979, plaintiffs filed a notice of appeal from the order of May 31, 1978, granting summary judgment.

OPINION

We first consider the question raised by defendant as to our jurisdiction which depends upon whether the judgment appealed from was final and, if so, whether a timely notice of appeal was filed. *Johnson v. Coleman* (1977), 47 Ill. App. 3d 671, 365 N.E.2d 102; *Norris v. Board of Fire & Police Commissioners* (1975), 30 Ill. App. 3d 224, 332 N.E.2d 553; Ill. Rev. Stat. 1979, ch. 110A, pars. 301, 303, 304.

■■ A judgment is final if it disposes of the rights of the parties either on the entire controversy or a separate branch thereof (*Deckard v. Joiner* (1970), 44 Ill. 2d 412, 255 N.E.2d 900, *cert. denied* (1970), 400 U.S. 941, 27 L. Ed. 2d 637, 91 S. Ct. 579; *In re Estate of Semeniw* (1979), 78 Ill. App. 3d 570, 397 N.E.2d 64). In the case before us, we believe that the summary judgment of May 31, 1978, was final as it disposed of the rights of the parties with respect to defendant's liability because of its alleged failure to issue a policy of insurance on the new premises. Plaintiffs argue, however, that the order was not final because the court made reference in it to the possibility of coverage under the prior policy on plaintiffs' former residence.[1] We view this argument as being without merit. Although no claim was made in plaintiffs' complaint under the prior policy, defendant stated in its answer to plaintiffs' complaint that a portion of the fire loss was covered under the prior policy, and we believe the reference in the court's order to that policy was made so that plaintiffs would not be precluded from asserting any such claim in the future. Indeed, they did do so in their amendment entitled "Count II," which sought no declaration of any rights but asked only for payment under the prior policy for loss and damage to personal property for which there was no question as to coverage with the dispute being only to the amount to be paid.

In any event, the matter set forth in count II was clearly distinct from the sole controversy on which a declaration was sought in plaintiffs' complaint—whether defendant was liable for failure to provide coverage on the new premises. Thus, the claims being separate and distinct, and because in the order of May 31, 1978, the court found that defendant had no liability for failure to provide coverage on the new premises, we hold that it completely disposed of the rights of the parties on that controversy and was therefore final.

Even if we were to consider, as plaintiffs suggest, that the claims of plaintiffs were not distinct but were portions of a single action and that the order of May 31, 1978, granted only partial summary judgment, we nonetheless conclude that it was a final order. This court in *Bloom v. Landy* (1979), 72 Ill. App. 3d 383, 398, 389 N.E.2d 1286, 1298, stated:

---

[1] In granting summary judgment, the court ruled "that defendant Reliance has no liability to plaintiffs for the subject loss other than may have existed under the policy issued by defendant to plaintiffs on plaintiffs' residence on Old Timberland Road [the prior policy on their former home]."

"The question presented in this case is whether an order granting summary judgment on part of a single claim is also nonfinal for purposes of appeal under the applicable Illinois rules. Section 57 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 57) provides, in relevant part:

'(1) For plaintiff. Any time after the opposite party has appeared or after the time within which he is required to appear has expired, a plaintiff may move * * * for * * * summary judgment * * * in his favor *for all or any part of the relief sought.*' Although essentially patterned after Federal Rule of Civil Procedure 56, section 57 of the Illinois Civil Practice Act rejected subparagraph (d) of the Federal rule which authorizes entry of 'interlocutory' orders disposing of less than an entire claim. (Ill. Ann. Stat., ch. 110, par. 57, Committee Comments, at 60, 61-62 (Smith-Hurd 1968).) In view of this rejection, and considering the unequivocal language of section 57 that a plaintiff may move for summary judgment on 'any part of the relief sought, we find that the trial court's grant of partial summary judgment for [plaintiff] Bloom was a final order." Emphasis added.

■■ Turning then to the question of whether notice of appeal was timely, we note that Supreme Court Rule 303(a) (Ill. Rev. Stat. 1979, ch. 110A, par. 303(a)) provides that the notice of appeal must be filed within 30 days after the entry of the final judgment appealed from, or if a timely post-trial motion is filed, within 30 days after the disposition of the motion. Here, a timely post-trial motion was filed from the May 31, 1978, judgment, and the motion was denied on September 28, 1978. The notice of appeal was not filed within 30 days thereafter and, thus, was not timely.

It should also be noted that Supreme Court Rule 304(a) (Ill. Rev. Stat. 1979, ch. 110A, par. 304(a)) provides that where multiple claims for relief are involved in an action, appeal may be taken from a final judgment as to one but fewer than all "only if the trial court had made an express written finding that there is no just reason for delaying enforcement or appeal." Here, the court made this finding in the order appealed from.

In view of the foregoing, we conclude that the May 31, 1978, order was final and appealable, and because the notice of appeal filed therefrom was not timely, we do not have jurisdiction to consider this appeal and, accordingly, it will be dismissed.

Appeal dismissed.

LORENZ and MEJDA, JJ., concur.