HAROLD BUTLER ENTERPRISES #662, INC., Plaintiff-Appellee, *v.*
UNDERWRITERS AT LLOYDS, LONDON, *et al.*, Defendants-Appellants.

First District (2nd Division)    No. 80-2198

Opinion filed September 29, 1981.

Julius Abler, of Libertyville, for appellants.

Gerald White, of Highland Park, for appellee.

Mr. PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

This is an appeal from an order granting plaintiff, Harold Butler Enterprises #662, Inc. (mortgagee), a partial summary judgment as to liability only. The mortgagee sought to recover proceeds of a multi-peril insurance policy jointly underwritten by defendants, Underwriters at Lloyds, London, and First State Insurance Co. (insurers), as revealed in two certificates of insurance attached as exhibits to the amended three count complaint. The mortgagee sought the proceeds of the policy as a result of fire damage to certain restaurant chattels in which it owned a security interest. Although other defendants were joined, the appeal is taken by the insurers alone from the order granting partial summary judgment, which included a Supreme Court Rule 304(a) finding (Ill. Rev. Stat. 1979, ch. 110A, par. 304(a)).

Among the issues raised on appeal are whether: a certain phrase in the fire insurance contract, "applicable to buildings only" in connection with the so-called "standard mortgagee clause" is ambiguous and is amenable to construction; the coverage includes chattels identified under a chattel mortgage as a matter of law; a complaint which seeks reformation but fails to allege the mistakes of fact mutual and common to both parties, or mistake on one side and fraud on the other at the time of the execution of the contract, states a cause of action; and the regulations of the Director of Insurance of Illinois have the force of law. For the reasons which hereinafter appear, we dismiss the appeal.

The facts which follow are stated provisionally and for purposes of this disposition only; we make no assessment of their evidentiary potentialities or weight.

The mortgagee operated a restaurant on South Harlem Avenue in Burbank, Illinois, from 1972 until early 1977. It sold all the fixtures, signs, furniture and equipment located in the restaurant premises to Gus Kleros and George Panos (mortgagors) for $130,000, of which $40,000 was paid in cash and a promissory note for $90,000 was executed by the mortgagors, secured by a chattel mortgage in the form of a security agreement registered under the Uniform Commercial Code (Ill. Rev. Stat. 1977, ch. 26, par. 1—101 *et seq.*). The mortgagee leased the restaurant premises from the record owner of the real estate and building, La Salle National Bank, as trustee under trust number 39670 (La Salle) and subleased the premises to the mortgagors for a term ending June 26, 1999. Under the terms of the sublease, the mortgagors were obligated to obtain insurance coverage for the building for the benefit of La Salle and for the restaurant chattels sold to them by the mortgagee, for the latter's benefit. The mortgagee and La Salle were to be named as additional insureds under the policy, and the mortgagee also was to have been named as a chattel mortgagee. Through brokers, the mortgagors secured insurance coverage from the insurers dated October 3, 1977, and effective for the period from October 6, 1977, to October 6, 1978. The full premium was paid to and received by the insurers. The coverage on the contents in which the mortgagee is interested was up to a limit of $200,000.

The mortgagee did not receive a copy of the policy until after a fire consumed most of the restaurant building and damaged beyond repair all its contents on December 24, 1977. The mortgagee thereafter discovered that it was not included as a named insured but was named simply as "mortgagee" under item 8 of each certificate of insurance issued by the insurers. Each insurer included MLB-101, known as the "standard" or "union" mortgage clause (standard mortgage clause), as an endorsement made part of its insurance contract. The insurers asserted that this standard form is on file with the Illinois Department of Insurance and

must be used as mandated by the Director of Insurance without change unless such change is sanctioned by the latter. The clause contains the preamble "C. Mortgage Clause: Applicable to buildings only. * * *" The standard mortgage clause purports to exonerate a mortgagee from any act or neglect of the mortgagor when it seeks to secure the benefits of the insurance coverage afforded by the policy. There was no mortgage in existence on the building named in the policy to which that language would have been applicable. In addition, standard fire insurance policy provisions set forth in 165 lines ("165 line standard fire policy") are required to be made part of all Illinois fire insurance policies under Rule 23.01, article XXIII, of the 1976 Revised Regulations promulgated by the Director of Insurance.

The mortgagors never filed a proof of loss although the policy contains a requirement that an insured must file such proof within the time, form and content prescribed therein. Even though the 165-line standard fire policy contains, among other things, a requirement that the insurer must notify a mortgagee if the insured fails to render a proof of loss within the time prescribed by the insurance contract, the insurers did not so notify the mortgagee of the failure to file in the instant case. The mortgagee timely filed a proof of loss with the insurers' designated adjuster. That proof was never returned or questioned.

On November 27, 1978, the insurers' attorney by letter advised the mortgagee's attorney that the claim was refused because under *Alton v. American Insurance Co.* (1931), 260 Ill. App. 209, "* * * the mortgagee or vendor becomes the appointee of the insured to receive the proceeds of the policy to the extent of their interests"; "that failure of the assured to make proof of loss as required by the terms of the policy defeats the mortgagee's right of recovery"; and that "[t]he insureds, Gus Kleros and George Panos, under whose interest you claim as mortgagee, have failed to make proof of loss as required by the terms of the policy, and the time to do so has expired."

The mortgagee filed its suit on December 8, 1978, and thereafter filed a first amended, unverified complaint consisting of three separate counts. Count I names the insurers and certain national and local insurance agents and brokers as defendants. In essence, it claims that the dealings between the mortgagors, brokers and agents were replete with mistakes of fact involving all parties, entitling the mortgagee to reformation of the insurance policy and certificates issued thereunder, and it seeks to have the insurance contract reformed by adding the name of the mortgagee as an additional insured. In the alternative, count I requests that the words "applicable to buildings only" be deleted from the standard mortgage clause, or the language altered, so that the chattel mortgagee is fully protected against any act or omission of the named insured. Count II is

directed at the national and local agents of the insurers for wrongful acts and omissions which resulted in damage to the mortgagee and seeks damages in the amount of $100,000. Count II does not make the insurers parties to that action. Count III is an action in tort naming all defendants and seeking damages resulting to plaintiff on a third-party beneficiary theory. Answers were filed by all defendants to the amended complaint. Counts II and III remain at issue, have not been tried and have no connection with this appeal.

On March 5, 1980, the mortgagee moved for partial summary judgment solely on the question of liability of the insurers. The issue identified in that motion was whether the provisions of the standard mortgage clause were available to the mortgagee notwithstanding the statement that it is "applicable to buildings only." The mortgagee's theory was that the language of that clause in substance protects a mortgagee against any breach of conditions, default or omission on the part of the mortgagor-insured. The motion was limited to that part of count I of the amended complaint which sought to have the words "applicable to buildings only" deleted from the standard mortgage clause, or the language thereof altered, so that the chattel mortgagee would be fully protected against any act or omission of a named insured. The mortgagee argued that if the words "applicable to buildings only" were not present, the insured "unquestionably would have paid plaintiff's claim without litigation." The mortgagee asserted that the insureds mistakenly neglected to excise the words "applicable to buildings only" or neglected to attach a form specifically relating to chattel mortgagees. The mortgagee further argued that because the policy issued by the insurers of necessity included the 165 line standard fire policy required to be made part of all Illinois fire insurance policies under Department of Insurance Rule 23.01, any mortgagee named in the policy is to receive notice that an insured has failed to render a proof of loss, and is to be given upon such notice an additional 60 days within which to render its own proof of loss; if the company claims no liability as to the mortgagor, it shall be subrogated to all the mortgagee's right of recovery to the extent of payment of loss to the mortgagee, without impairing the mortgagee's right to sue.

The insurers responded to the motion claiming, first, that since the rules and regulations of the Department of Insurance had the force and effect of law, citing *Margolin v. Public Mutual Fire Insurance Co.* (1972), 4 Ill. App. 3d 661, 281 N.E.2d 728, the reformation sought by the mortgagee would violate the coverage required by the Department of Insurance to be included in all fire policies, specifically because the standard mortgage clause used by the insurers conformed exactly to the requirement of the Department of Insurance standard policy form. The

insurers' second response was that the tendering of a proof of loss by an insured after an occurrence is mandatory under the 165 line standard fire policy provisions. Also argued by the insurers was that under *Alton v. American Insurance Co.* (1931), 260 Ill. App. 209, the mortgagee simply becomes the appointee of the insured to receive the proceeds of the policy, and the failure of the assured to make proof of loss as required by the terms of the policy defeats their right of recovery. The insurers made no assertion before the trial court, or in their appellate briefs, that genuine, material issues of fact existed between the parties.

In its reply, the mortgagee countered with the argument that in striking the words "applicable to buildings only," the standard mortgage clause would not undergo any material change in violation of Department of Insurance regulations.

The trial court in its written order found that there was no genuine issue as to any material fact and entered judgment for the mortgagee limited to the issue of liability alone. In doing so, the court announced orally that the standard mortgage clause must be given some meaning and could not have been intended for inclusion in the policy for the purpose of being ignored. Among the facts the trial court orally found were that the mortgagee's name was inserted on the form, indicating that the insurers were aware of the mortgagee's presence and that the typed insertion of the mortgagee's name had greater meaning than and priority to the printed form language, "applicable to buildings only." Finding that ambiguities in the printed form must be construed most strictly against the insurance company which presented the form, the trial court held that the standard mortgage clause as a matter of law applied to the chattel mortgagee and the partial summary judgment was allowed. No damages were assessed or entered in the order.

The notice of appeal filed by the insurers in this case stated that the appeal was taken from "* * * the judgment order of July 14, 1980, entered against defendants and for the plaintiff on the plaintiff's motion for summary judgment. * * *" The docketing statement described the issues on appeal as whether "* * * the standard mortgage clause in a fire insurance contract, which clause is applicable to buildings only and required by the Superintendent [*sic*] of Insurance to be included in all fire insurance contracts, [may] be applied to chattels." About four weeks later, prior to the filing of the record on appeal, a preliminary motion to dismiss the appeal was filed by the mortgagee, without supporting authority, on the alternative grounds of prematurity and of misidentity of the circuit court docket number involved in this case. That motion was denied. During oral argument, counsel for the mortgagee orally renewed the motion to dismiss upon the ground of prematurity. We find, upon

consideration of the full record and briefs filed since the initial denial was entered, that the motion to dismiss should have been granted.

■■ Section 57(1) of the Civil Practice Act (Act) authorizes a plaintiff to seek summary judgment "* * * for all or any part of the relief sought" (Ill. Rev. Stat. 1979, ch. 110, par. 57(1)). Summary judgment may be granted, as in this case, on the issue of liability alone, under section 57(3) of the Act, which also provides that such an order is "* * * interlocutory in character * * * [when] there is a genuine issue [remaining as] to the amount of damages." (See *Leopold v. Levin* (1970), 45 Ill. 2d 434, 446, 259 N.E.2d 250.) Our examination of the record on appeal reveals that the money damages claimed by the mortgagee are still in dispute and have yet to be ascertained, unlike the circumstances in *Archambault v. Reliance Insurance Co.* (1981), 95 Ill. App. 3d 632, 420 N.E.2d 552, in which the defendant insurer was granted summary judgment exonerating it from liability for the claim being pursued, and dissimilar to *Cahn v. Northwestern Mutual Life Insurance Co.* (1915), 192 Ill. App. 172, 178, and *Bloom v. Landy* (1979), 72 Ill. App. 3d 383, 396-99, 389 N.E.2d 1286, in each of which money damages were assessed in addition and attributable to the partial liability found, which each court concluded was a final judgment as to that part of the claim.

■■ The posture of the instant case is deficient in finality because the determination by the circuit court is not one which "* * * ascertains and fixes absolutely and finally the rights of the parties in the lawsuit." (*Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 119, 382 N.E.2d 1217), nor is it one in which the rights of the parties that have been decided do not bear upon incidental other matters which are left for future consideration, nor are the matters left for future determination merely incidental to the rights which have been adjudicated. (*Barnhart v. Barnhart* (1953), 415 Ill. 303, 309, 114 N.E.2d 378.) A final judgment for purposes of appealability is one which concludes the litigation on the merits between the parties and leaves only execution to be accomplished if the decision is affirmed on appeal. (*Relph v. Board of Education* (1981), 84 Ill. 2d 436, 441, 420 N.E.2d 147.) Such circumstances are absent in the case before us.

■■ Generally, jurisdiction of this court to decide an appeal is confined to the review of final judgments under Supreme Court Rules 301 and 303 (Ill. Rev. Stat. 1979, ch. 110A, pars. 301, 303), unless the appeal falls within exceptions identified by Supreme Court Rules (see, *e.g.*, Ill. Rev. Stat. 1979, ch. 110A, par. 307 (interlocutory appeal as of right); and par. 308 (interlocutory appeal by permission)). No such exception appears in the record filed in this appeal. The fact that Supreme Court Rule 304(a) language was included by the trial court in the order from which the appeal is pursued is not dispositive of the issue of finality since appealability of the order is dependent upon its substance, not its form (see

*Kulins v. Malco, Inc.* (1979), 79 Ill. App. 3d 982, 985, 398 N.E.2d 1144), and jurisdiction cannot be delegated merely by invoking the "magic words" of Rule 304(a).

For the foregoing reasons, the appeal must be dismissed.

Appeal dismissed.

STAMOS and PERLIN, JJ., concur.