CONSTANCE R. BERNITT, Plaintiff-Appellant, v. VERNON W. BROWN, Defendant-Appellee.

(No. 59040; )

First District (5th Division)—November 9, 1973.

*Modified opinion filed December 21, 1973.*

Henehan, Donovan, Isaacson, Speranza & Veverka, Ltd., of Chicago (Donald J. Veverka, of counsel), for appellant.

Sidley & Austin, of Chicago (Henry L. Mason and James W. Kissell, of counsel), for appellee.

Mr. JUSTICE ENGLISH delivered the opinion of the court as modified:

Plaintiff has appealed from an order of February 23, 1973, denying defendant's motion to vacate a $7500 default judgment, but allowing *sua sponte* a remittitur of $2500, and from a second order of March 6, 1973, granting defendant's motion for reconsideration, vacating the judgment entirely, and returning the case to the trial calendar.

Each party has presented a preliminary motion, either of which would dispose of the case: defendant asking for dismissal of the appeal, and plaintiff for summary reversal.

Plaintiff's motion is based on the proposition that after defendant had made one post-judgment motion to vacate, which had been denied, he was left with only two further alternatives: (1) to appeal from the judgment and the court's refusal of a vacatur, or (2) to file a petition under section 72 of the Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 72). Defendant concedes that he followed neither of these routes. Plaintiff therefore takes the position that a second motion to vacate the judgment, to reconsider the denial of the first post-trial motion, or its equivalent in any form, being without authority in the law, is a nullity, and the order entered on the basis thereof on March 6, is without effect and should be set aside without more.

Our predisposition would be to agree with plaintiff on this point, as there have been many cases which have pointed out, in effect, that for the purpose of setting aside the basic judgment, a party is limited to only one such motion to be filed within 30 days or such extended time

as the court may allow within such period. (Ill. Rev. Stat. 1971, ch. 110, par. 68.3.) See, for example, *Deckard v. Joiner*, 44 Ill.2d 412, 419, 255 N.E.2d 900, *cert. denied* 400 U.S. 941, 27 L.Ed.2d 244, 91 S.Ct. 232, where the Illinois Supreme Court cited with approval *In re Estate of Schwarz*, 63 Ill.App.2d 456, 459, 460, 212 N.E.2d 329, in which case we had noted that "if the proliferation of such motions were permitted to its logical extreme, neither appellate review nor finality of judgment could ever be accomplished."

However, defendant's suggestions in reply to plaintiff's motion for summary reversal have invited our attention to the more recent decision of *Fultz v. Haugan*, 49 Ill.2d 131, 134-135, 273 N.E.2d 403. In that case a motion to dismiss the complaint was allowed by the trial court on March 31, 1970. On April 21, 1970, the plaintiff filed a motion to vacate the dismissal order, which was denied on April 24, 1970. On May 18, the plaintiff moved solely for leave to file an amended complaint (which the Illinois Supreme Court held was not a motion "directed against the judgment"), and on June 1 (more than 30 days after April 24), the plaintiff filed a second motion to vacate the March 31 dismissal. The motions of May 18 and June 1 were denied on July 2. Plaintiff then sought to appeal from the orders of March 31, April 24, and July 2.

■■ Omitting the Illinois Supreme Court's separate disposition of the question concerning amendment of the complaint (and bearing in mind that no question had been raised concerning section 72 of the Practice Act as it was here), the following statement of the court at page 135 in the text published by the court's Official Reporter of Decisions, appears decisive in its relation to the instant case:

> "After the order of April 24 denying the motion to vacate plaintiff had 30 days within which to file a notice of appeal (Rule 303(a)) or to file a motion attacking the order of April 24 or to obtain an extension of time within which to do so (Section 68.3)."

Defendant in the case now before us followed precisely the option emphasized in this quotation from the court's opinion when, within 30 days of the February 23 denial of his motion to vacate, he filed his motion for reconsideration which resulted in the order of March 6, 1973 vacating plaintiff's judgment.

In the opinion of the court as it appears in 273 N.E.2d 403 at pages 405—406, the language is slightly different. There, it reads:

> "After the order of April 24 denying the motion to vacate, under section 68.3 set out above plaintiff had 30 days within which to file a notice of appeal (Rule 303(a)) or to obtain extension of time within which, with leave of court, to file another motion attacking the judgment. (Section 68.3)"

We are made clearly aware of the Supreme Court's intention that there be permitted a second opportunity to request action by the court which would result in vacating the judgment. But we are unable to find any difference in substance between the two published statements. One refers specifically to a second motion attacking the judgment, while the other refers to an attack against the order which had denied *vacatur* of the judgment. Surely we must presume that if the latter attack were to be successful and the order of denial were vacated, the court would proceed to vacate the judgment (as it did in the instant case); otherwise it would be a simple exercise in futility, and most difficult to conceive of a more hollow victory.

■■ We find, therefore, that defendant followed an appropriate procedure in filing his second motion within 30 days of denial of the first one, and we deny plaintiff's motion for summary reversal on the ground that it and the order of its allowance were nullities.

■■ Turning, then, to defendant's motion to dismiss the appeal, we agree with defendant that the order of March 6, 1973, vacating the default judgment and restoring the case to the trial call, is not an appealable order. This conclusion requires no citation of the numerous decisions available in its support. In no way does the order have any of the characteristics of a final judgment of a circuit court which would permit plaintiff to call into operation our basic constitutional jurisdiction as a matter of right. (Ill. Const. (1970), Art. VI, Section 6.) Nor does it fall within any of the categories of orders from which, under that section of the constitution, the Supreme Court has exercised its authority to provide by rule for appeals in other cases including discretionary appeals. See Rules 304, 306, 307 and 308. Ill. Rev. Stat. 1971, ch. 110A, pars. 304, 306, 307 and 308.

On defendant's motion, this appeal is therefore dismissed.

Appeal dismissed.

LORENZ and SULLIVAN, JJ., concur.