CITY AUTO PAINT AND SUPPLY, INC., Plaintiff-Appellee, *v.* ROBERT BRANDIS, Defendant-Appellant.

Fourth District   No. 15262

Opinion filed July 5, 1979.—Modified on denial of rehearing August 14, 1979.

Jeffrey B. Levens, of Springfield, for appellant.

Downing, Smith, Jorgensen & Uhl (M. D. Jorgensen, of counsel), of Decatur, for appellee.

Mr. PRESIDING JUSTICE REARDON delivered the opinion of the court:

This appeal arose out of defendant's efforts to vacate the entry of a default judgment entered against him for his failure to file pleadings or an answer. The manner in which defendant attacked that judgment has placed into issue the jurisdiction of this court.

The plaintiff, City Auto Paint and Supply, Inc., filed a complaint against defendant, Robert Brandis, on March 4, 1977, seeking $8,185.45 as the balance due on the purchase price for certain personal property. The complaint and summons were served on defendant on March 21, 1977, and a hearing date set for March 25. The defendant appeared *pro se* on the 25th and denied the allegations of the complaint. The trial court's docket record reflects that defendant was given 12 days within which to file an answer or pleadings.

On May 10, 1977, plaintiff appeared and moved for a default judgment based on defendant's failure to plead or file an answer to the complaint. The trial court granted the motion and entered judgment in favor of the plaintiff for the amount sought in the complaint.

Defendant thereafter retained counsel who, on September 20, 1977, filed what was entitled a "Petition To Vacate Judgment" which was verified by defense counsel. The petition recited that the defendant did not become aware that a default judgment had been entered against him until he was served with a citation to discover assets in August 1977. It was alleged that, although instructed to file an answer, the defendant had mistakenly believed that the trial court was setting a new hearing date to afford him the opportunity to retain counsel. It was further asserted that defendant had entered into the purchase contract with the plaintiff as an agent and not personally, and that, therefore, he had a meritorious defense to the action.

Following a hearing, defendant's petition to vacate was denied by written order entered on June 30, 1978. The court found that defendant sufficiently alleged a meritorious defense, but concluded he failed to exercise due diligence in attempting to present his defense. The court, in its order, noted that at the March 25 hearing defendant asserted that he was represented by counsel, who, because of the late service of summons, was unable to attend the proceedings. The court determined that, if in fact the defendant had misunderstood its direction to file pleadings, he was, nevertheless, negligent in failing to consult with his counsel or otherwise cause his counsel to ascertain the status of the case until some 5 months later.

The court also found that the plaintiff would be prejudiced if the judgment was vacated. The court emphasized, however, that its denial of the petition to vacate was based primarily upon the defendant's lack of diligence in following the case and his failure to seek early relief from the default judgment.

On July 19, 1978, defendant filed a motion for rehearing, seeking a reconsideration of his motion to vacate. As grounds, it was alleged that the court had erroneously found that the plaintiff would be prejudiced because the corporation (for whom defendant was allegedly acting as an

agent) had been sold. Defendant contended, in his motion for reconsideration, that the sale of the corporation occurred some 10 months prior to the filing of plaintiff's complaint, and, therefore, the sale could not have prejudiced the plaintiff. A memorandum of law was submitted with this motion which essentially realleged that defendant had a meritorious defense and that delay in objecting to the default judgment was occasioned by plaintiff's delay in seeking enforcement of the judgment.

This motion for rehearing or reconsideration was denied on September 18, 1978, and defendant, thereafter, filed notice of appeal on October 16, 1978.

A reviewing court must inquire into and make certain of its jurisdiction and must decline to proceed in a cause where jurisdiction is lacking. (*Norris v. Board of Fire & Police Commissioners* (1975), 30 Ill. App. 3d 224, 332 N.E.2d 553.) The timely filing of a notice of appeal is mandatory and jurisdictional. (Supreme Court Rule 301 (58 Ill. 2d R. 301).) Supreme Court Rule 303(a) provides notice of appeal must be filed within 30 days after entry of the final judgment appealed from (58 Ill. 2d R. 303(a)).

■■ Defendant, here, filed notice of appeal within 30 days of the denial of his motion for rehearing. However, it was more than 30 days from the denial of his initial petition to vacate, which may be construed as a petition under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72; see *Goldstick v. Saporito* (1974), 22 Ill. App. 3d 621, 317 N.E.2d 774 (petition to vacate filed more than 30 days after judgment treated as section 72 petition).) Defendant contends that the notice of appeal from the denial of his motion for rehearing was timely since that motion stayed the time for appeal. We disagree and, therefore, conclude that this appeal must be dismissed.

Supreme Court Rule 304(b)(3) provides that "[a] judgment or order granting or denying any of the relief prayed in a petition under section 72 of the Civil Practice Act [citation]" is appealable *without* a finding by the court that there is no reason for delaying enforcement or appeal. (58 Ill. 2d R. 304(b)(3).) Read in conjunction with Rule 303(a), it is apparent that defendant had 30 days from the order of June 30, 1978 (denying his motion to vacate), within which to file notice of appeal. See *Wright v. Thompson* (1977), 50 Ill. App. 3d 149, 365 N.E.2d 556.

Nothing in the rules supports defendant's contention that the filing of a motion for rehearing or reconsideration directed to an order denying relief under a section 72 petition (which motion was in effect a successive section 72 petition) would extend the time for filing notice of appeal. Rule 303(a) does provide that the time for appeal is tolled "if a timely post-trial motion directed against the judgment is filed, * * *." (58 Ill. 2d R. 303(a).) However, we construe that provision as referring to motions filed

under sections 50(5), 68.1 or 68.3 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, pars. 50(5), 68.1, 68.3). A motion to reconsider the denial of relief pursuant to section 72 is obviously not the type of motion contemplated by Rule 303(a).

We find that the cases support our construction of the rules that an appeal must be taken within 30 days of the denial of a section 72 petition. In *Elliot Construction Corp. v. Zahn* (1968), 99 Ill. App. 2d 112, 241 N.E.2d 129, the defendant filed a section 72 petition to vacate a default judgment. The petition was denied with leave to amend. The defendant then filed a second petition which was denied without leave to amend. Twelve days later the defendant filed a third petition under section 72 requesting the trial court to reconsider the matter. This third petition was stricken on motion by the plaintiff which alleged that defendant's remedy from the denial of section 72 relief was by appeal.

■■ The defendant appealed from both the order denying his second 72 petition and the order striking the third petition. The appellate court reasoned that since the denial of the second petition was a final appealable order (denied without leave to amend) the trial court should not, and properly did not, entertain any further motions directed against the order. (99 Ill. App. 2d 112, 118, 241 N.E.2d 129, 132-33.) Implicit from this analysis is the conclusion that successive motions directed against the denial of relief under a section 72 petition will not stay the 30-day notice of appeal requirement.

The effect of a party's efforts to file successive section 72 petitions was more recently addressed in *Federal Sign & Signal Corp. v. Czubak* (1978), 57 Ill. App. 3d 176, 372 N.E.2d 965. In *Czubak*, defendant filed a petition to vacate a summary judgment. This petition was denied and defendant filed a subsequent motion to vacate which the appellate court characterized as a section 72 petition. The second petition was similarly denied. Instead of appealing from either order, the defendant filed another section 72 petition which the court found alleged no new matter. It was held that "[n]either section 72 nor any other statute or rule permits a party to extend the time for appeal by filing successive and repetitious motions." (57 Ill. App. 3d 176, 181, 372 N.E.2d 965, 969. But see *Fultz v. Haugan* (1971), 49 Ill. 2d 131, 305 N.E.2d 873 (dicta).) The appellate court relied on the case of *Deckard v. Joiner* (1970), 44 Ill. 2d 412, 255 N.E.2d 900, where our supreme court held that to allow successive post-trial motions to stay the time for appeal would "violate the spirit of our rule [Supreme Court Rule 303(a)], which contemplates the prompt and orderly prosecution of an appeal, * * *." (44 Ill. 2d 412, 418, 255 N.E.2d 900, 903.) The court in *Czubak* acknowledged that *Deckard* involved timely post-trial motions (Ill. Rev. Stat. 1975, ch. 110, pars. 50(5), 68.1,

68.3), but it concluded the rationale of *Deckard* was equally applicable with respect to a section 72 petition.

In view of the foregoing authorities and the plain language of the rules, we conclude defendant's motion for rehearing did not extend the time for appeal. It was quite clear from the court's order of June 30 that the defendant's lack of diligence in following his case was the primary basis for the denial of his initial petition. Defendant's subsequent motion and accompanying memorandum consisted essentially of repetitious allegations that he had a meritorious defense and the default was the result of an excusable mistake. These questions had already been adjudicated. If the rules of appellate procedure were strained or extended to permit the tolling of the time for appeal by the procedure engaged in here, there could be an endless succession of such rehearing motions and there would never be a final determination of the dispute. See *Handing v. Power Ford, Inc.* (1978), 67 Ill. App. 3d 466, 385 N.E.2d 95. But see *Bernitt v. Brown* (1973), 16 Ill. App. 3d 774, 306 N.E.2d 513.

For the reasons stated herein, we conclude the defendant failed to timely file notice of appeal and we, therefore, dismiss this appeal.

Appeal dismissed.

CRAVEN and TRAPP, JJ., concur.