CURTIS J. ELG *et al.*, Plaintiffs-Counterdefendants, v. JON A. WHIT-TINGTON *et al.*, Defendants and Counterplaintiffs and Third-Party Plaintiffs, (Walter Skeistaitis, Jr., *et al.*, Defendants and Counterplaintiffs and Third-Party Plaintiffs–Appellants; First Federal Savings and Loan Association of Champaign, Third-Party Defendant–Appellee).

Fourth District    No. 4—85—0511

Opinion filed October 30, 1986.

McCULLOUGH, P.J., dissenting.

John E. Maloney, of Maloney & David, of Urbana, for appellants.

Gary R. Lietz, of Franklin, Flynn & Palmer, of Champaign, for appellee.

JUSTICE WEBBER delivered the opinion of the court:

This appeal presents a question of the interrelationship of Supreme Court Rules 303(a)(1) and 304(a) (103 Ill. 2d Rules 303(a)(1), 304(a)). With one exception discussed below, there appears to be no prior authority on the subject.

Since we have concluded to dispose of the matter on the pleadings, a recapitulation of those documents is in order.

Plaintiffs-counterdefendants, Curtis Elg and Hilde Trieglaff, filed a complaint in the circuit court of Champaign County against defendants-counterplaintiffs, Jon and Penny Whittington, and defendants–third-party plaintiffs, Walter and Aldona Skeistaitis. Count I of the complaint alleged that the Whittingtons breached a contract to purchase certain described real property from Elg and Trieglaff. In count I Elg and Trieglaff sought specific performance or, in the alter-

native, damages from the Whittingtons. Count II of the complaint alleged that the Skeistaitises breached a contract to sell the same real property to Elg and Trieglaff. Count II alleged that the Skeitstaitises were unable to remove an encumbrance on the property's title and, for this reason, Elg and Trieglaff did not perform their obligations under the contract. In count II Elg and Trieglaff sought damages from the Skeistaitises.

The Whittingtons filed an answer to the complaint and a counterclaim against Elg and Trieglaff. The counterclaim alleged that Elg and Trieglaff were unable to provide them with a marketable title. In the counterclaim the Whittingtons sought the return of earnest money which had been deposited in escrow.

Elg and Trieglaff filed an answer to the counterclaim.

The Skeistaitises filed an answer to the complaint in which it pleaded an affirmative defense. The affirmative defense alleged that the Skeistaitises were unable to remove the encumbrance on the property's title because the First Federal Savings and Loan Association of Champaign (First Federal) refused to release a lien on the property despite an attempt by the Skeistaitises to satisfy the lien.

The Skeistaitises also filed a third-party complaint against First Federal. Count I of the third-party complaint alleged that the Skeistaitises tendered an amount sufficient to satisfy its debt to First Federal, but First Federal refused to accept the tender or to release its lien on the property. In count I the Skeistaitises sought indemnity from First Federal for any judgment entered against the Skeistaitises on the complaint and any costs incurred by the Skeistaitises in defending the complaint. Count II of the third-party complaint alleged that the acts of First Federal referred to in count I were wilful and malicious acts intentionally designed to embarrass the Skeistaitises and to hinder the sale of the property. In count II the Skeistaitises sought statutory damages (see Ill. Rev. Stat. 1983, ch. 95, pars. 52 through 54), punitive damages, and an order directing First Federal to release its lien on the subject property.

On November 21, 1984, First Federal filed an answer to the third-party complaint in which it pleaded three affirmative defenses. The first affirmative defense alleged that the third-party complaint and the relief requested therein were barred on principles of *res judicata*. The second affirmative defense alleged that another action was pending between the same parties for the same cause. The third affirmative defense alleged that the Skeistaitises' claim was barred by other affirmative matter avoiding the legal effect of or defeating the claim. First Federal also filed a motion to dismiss count II of the third-party

complaint pursuant to section 2—615 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1983, ch. 110, par. 2—615).

The circuit court dismissed count II of the third-party complaint, and the Skeistaitises filed an amended count II.

The Whittingtons filed a motion for summary judgment supported by affidavits and other materials. In response Elg and Trieglaff filed affidavits and other documents.

On March 11, 1985, First Federal filed a motion for judgment on the pleadings. The motion alleged that the Skeistaitises failed to reply to the affirmative defenses. The motion alleged that by reason of their failure to reply, the Skeistaitises admitted the factual allegations contained in the defenses. The motion alleged further that the defenses were legally sufficient to defeat the third-party complaint. On the same date First Federal filed a motion to dismiss amended count II of the third-party complaint pursuant to section 2—615 of the Code. Ill. Rev. Stat. 1983, ch. 110, par. 2—615.

On May 2, 1985, the following docket entry was made:

"Hearing on Third Party Defendant, First Federal's motion to dismiss amended Count II and Motion for Judgment on pleadings resumed. Motion for judgment on pleadings allowed. Judgment on pleadings entered in favor of Third Party Defendant, First Federal Savings and Loan Association of Champaign and against Third Party Plaintiffs Walter Skeistaitis, Jr. and Aldona V. Skeistaitis and in bar of the causes of action sought to be stated in Count I and amended Count II of the Third Party Complaint. No written order required. *No just reason to delay enforcement or appeal of the order.*

By reason of ruling on Motion for Judgment, Motion to Dismiss not reached.

Hearing resumed on motion for summary judgment on Defendants/Counterplaintiffs Whittington. Court finds that motion and supporting affidavits do no [*sic*] demonstrate that there is no genuine issue of material fact and accordingly the motion for summary judgment is denied." (Emphasis added.)

On May 24, 1985, the Skeistaitises, as third-party plaintiffs, filed a "motion to vacate a summary judgment and for leave to reply to affirmative defenses." (Although the motion seeks to vacate an "order granting summary judgment to First Federal," it is clear that the Skeistaitises were seeking to vacate the order entering judgment on the pleadings in favor of First Federal.) In the motion the Skeistaitises expressed their view of the prior and pending proceedings and requested that the order granting judgment on the pleadings in favor

of First Federal be vacated and that they be given leave to reply to the affirmative defenses.

On June 28, 1985, the following docket entry was made:

"Hearing resumed. The Court finds that the Motion presented is in the nature of a Motion to Reconsider. The Court further finds that the Order heretofore entered on May 2, 1985 was appropriate based on the record presented, and also concludes that post-judgment change to the state of the pleadings by filing a Reply is not permitted by case law. Accordingly, the Motion and all relief sought thereby is denied. No written order required."

On July 24, 1985, the Skeistaitises filed a notice of appeal from "the judgment in this case in favor of [First Federal] entered on May 2, 1985, granting [First Federal's] Motion for Judgment on the Pleadings." The Skeistaitises seek reversal of the May 2, 1985, order and the June 28, 1985, order.

In summary, we have a judgment on the pleadings entered on May 2, 1985, together with a finding under Supreme Court Rule 304(a) (103 Ill. 2d R. 304(a)). Within 30 days, on May 24, 1985, a motion to vacate was filed, and denied on June 28, 1985. Then followed the notice of appeal on July 24, 1985, requesting reversal of both orders.

To reduce the question to its simplest terms, it is this: If a litigant obtains a finding under Rule 304(a), does the appeal time run from the date of that finding, or is it tolled by the filing of a post-trial motion? If the former, the notice of appeal in this case was not timely; if the latter, it was.

On our own motion we directed the parties to address the issue of the jurisdiction of this court. The reply of the Skeistaitises was that the filing of a post-trial motion was an "implicit" tolling of Rule 304(a).

Supreme Court Rule 304(a) (103 Ill. 2d R. 304(a)) provides, in pertinent part:

"If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. The time for filing the notice of appeal shall run from the entry of the required finding."

Supreme Court Rule 303(a)(1) (103 Ill. 2d R. 303(a)(1)) provides, in pertinent part:

"[T]he notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the last pending post-trial motion."

Section 2—1203(a) of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2—1203(a)) provides that in all cases tried without a jury a party may file a post-trial motion "within 30 days after the entry of judgment."

In our opinion Rule 304(a) controls, and if the necessary predicates are laid, *i.e.*, the order is final as to fewer than all of the claims or all of the parties and the necessary finding is made, it overrides the tolling provisions for Rule 303(a)(1).

In the first place, the language of Rule 304(a) is mandatory: "The time for filing the notice of appeal shall run from the entry of the required finding." We cannot construe it as directory only. In the Historical and Practice Notes to the Rule, this is said:

"Under Federal Rule 54(b) the time to appeal from an order containing the finding of 'no just reason to delay' runs from the date of entry of the order. 6 Moore, Federal Practice 226 (2d ed. 1953). The third sentence of rule 304, which was not in section 50(2), expressly adopted the federal practice, but also codified the existing practice in Illinois. Thus if a rule 304(a) finding is made as to an order which is in fact final, the affected party loses the right to appeal by waiting until termination of the remainder of the case." Ill. Ann Stat., ch. 110A, par. 304(a), Historical and Practice Notes, at 166 (Smith-Hurd 1985).

The whole purpose and rationale of Rule 304(a) is to provide an immediate appeal. To countenance a Rule 304(a) finding followed by a post-trial (in this case, post-judgment) motion would be to thwart that purpose. If a party desires to file a post-trial, or post-judgment, or reconsideration, motion, this must be done first and then the Rule 304(a) finding obtained after the denial of such motion. It may well be asked, What would be the purpose in obtaining a Rule 304(a) finding if the post-trial motion were allowed? Clearly the Rule 304(a) finding puts an end to proceedings in the trial court as to that aspect of the case except for the preparation of the record and other housekeeping details.

In the second place, it is doubtful if the circuit court would have

jurisdiction over a post-trial motion in the face of a Rule 304(a) finding. In *Petersen Brothers Plastics, Inc. v. Ullo* (1978), 57 Ill. App. 3d 625, 630, 373 N.E.2d 416, 420, the court said, "Unless the circuit court order incorporates the [language of Rule 304(a)], no appeal is permissible, and the circuit court retains jurisdiction over the entire cause, including the power to revise any or all judgments at any time prior to the entry of a judgment adjudicating all claims." If the converse be true, that upon the making of a Rule 304(a) finding the circuit court loses jurisdiction and the final judgment upon which the finding is made cannot be revised, then a post-trial motion directed against such a judgment would be of no effect.

Our research has disclosed only one other case dealing with the question at hand: *Wool v. La Salle National Bank* (1980), 89 Ill. App. 3d 560, 411 N.E.2d 1135. In that case one of the parties, the Axelrods, attempted to appeal from an order of the circuit court entered June 6, 1979. The order did not dispose of all claims and the circuit court made a Rule 304(a) finding on June 20, 1979. Instead of filing a notice of appeal, the Axelrods filed a motion to vacate on July 20, 1979. On appeal they argued that the motion to vacate stayed the time for appeal under Rule 303(a). The appellate court said:

"This contention finds no support in the applicable law. Clearly, Rule 303(a) controls the time for filing an appeal, even if the appeal is taken pursuant to entry of a Rule 304(a) finding. Logically, then, the stay provision of Rule 303(a) provided by filing of a timely post-trial motion should also be available for an appeal filed under Rule 304(a). However, section 68.3 defines a timely post-trial motion as one filed within 30 days of entry of *judgment.* There is no distinction made in that section as to what is timely between judgments disposing of an entire case (Rule 303(a) appeals) and judgments as to fewer than all claims (Rule 304(a) appeals). Therefore, to take advantage of the stay provision of Rule 303(a) in this case, it was imperative that the Axelrods file their post-trial motion by July 6, 1979, 30 days after entry of the judgment the motion attacks. In lieu of using the stay provision, it was mandatory that the Axelrods file their notice of appeal by July 20, 1979, 30 days after entry of the Rule 304(a) finding of appealability. Neither of these deadlines were met, and therefore the Axelrods' appeal of the June 6 judgment is untimely and must be dismissed." 89 Ill. App. 3d 560, 568-69, 411 N.E.2d 1134, 1142.

There is *dicta* in *Wool* indicating that if a motion to vacate is filed within 30 days of a Rule 304(a) finding, the cause would be stayed un-

der Rule 303(a)(1). We strongly disagree for the reasons set forth above.

We find analogy in the recent decision of *Barnes v. Southern Ry. Co.* (1986), 141 Ill. App. 3d 121, 490 N.E.2d 249. In that case the defendant filed a motion in the trial court to dismiss the complaint on the theory of *forum non conveniens.* The court denied the motion on March 6, 1985. On March 19, 1985, the defendant filed a motion to reconsider, which was denied on April 3, 1985. A petition for leave to appeal was filed with the appellate court pursuant to Supreme Court Rule 306(a)(1)(ii) (103 Ill. 2d R. 306(a)(1)(ii)) on May 6, 1985.

The court held that even though the motion to reconsider was filed within 30 days of the order denying the *forum* motion, the defendant was still required to file its petition for leave to appeal within 30 days of the *forum* order. This was not done and the court dismissed the appeal.

We therefore hold that since the notice of appeal was not filed in this case within 30 days of the 304(a) finding, this court is without jurisdiction and the appeal must be dismissed.

Appeal dismissed.

MORTHLAND, J., concurs.

PRESIDING JUSTICE McCULLOUGH, dissenting:

As the majority points out, the trial court entered its order for judgment on the pleadings on May 2, 1985, and by docket entry made the finding that there was no just reason to delay enforcement or appeal of the order. On May 24, 1985, the third-party plaintiffs filed a motion to vacate, titling the motion a motion to vacate the summary judgment but, as pointed out by the majority and as agreed by all of the parties to this proceeding, the motion was considered to be a motion to vacate the judgment on the pleadings. which was entered on May 2, 1985. Once again, on June 28, 1985, the court's entry treated the May 24, 1985, motion as a motion to reconsider and denied that motion. Notice of appeal was filed on July 24, 1985, attacking the orders which were entered on June 28, 1985, and May 2, 1985.

In determining the disposition of the motion to dismiss, we must consider section 2—1203 of the Civil Practice Law and Supreme Court Rules 303(a) and 304(a). Ill. Rev. Stat. 1985, ch. 110, par. 2—1203; 87 Ill. 2d Rules 303(a), 304(a).

Section 2—1203 provides that motions after judgment in all cases tried without a jury may be made within 30 days after the entry of

the judgment. The motion may be for the purpose of rehearing or retrial, modification of the judgment, to vacate the judgment, or for other relief.

Rule 304(a) provides for the appeal of judgment as to fewer than all of the parties or claims if the court makes the express finding. Rule 304(a) does not provide for any time within which the appeal must be perfected. Because of that we cannot ignore the provisions of Rule 303(a), which are applicable to the instant case.

As pointed out in *Wool*:

> "Clearly, Rule 303(a) controls the time for filing an appeal, even if the appeal is taken pursuant to entry of Rule 304(a) finding." (89 Ill. App. 3d 560, 568, 411 N.E.2d 1135, 1142.)

Logically, then, the stay provision of Rule 303(a), provided by filing of a timely post-trial motion pursuant to section 2—1203, should also be available for an appeal filed under Rule 304(a).

The *Wool* court also pointed out the necessity of filing any post-trial motion pursuant to the predecessor of section 2—1203 within 30 days. This was done in the instant case: the motion to reconsider filed on May 24, 1985, attacked the court's entry of a judgment on May 2, 1985.

I do not read Supreme Court Rule 304(a) as a foreclosure for post-judgment motions. To do so forecloses the use of section 2—1203 and certainly the provisions of Rule 303(a).

I would deny the motion to dismiss and consider the case on its merits.