HARRY LEE SMITH, Plaintiff-Appellant, v. N. BELTRAN et al., Defendants (Holy Family Hospital, Defendant-Appellee).

First District (5th Division)   No. 86—2809

Opinion filed February 5, 1988.—Rehearing denied July 18, 1988.

Constantine N. Dranias, of Idarius, Dranias & Associates, of Chicago, for appellant.

French, Rogers, Kezelis & Kominiarek, P.C., of Chicago (Dorothy F. French and Michael R. Webber, of counsel), for appellee.

JUSTICE MURRAY delivered the opinion of the court:
This is an appeal by plaintiff, Harry Lee Smith, from a September 9, 1986, order of the trial court denying his motion to vacate an April

30, 1986, order dismissing defendant, Holy Family Hospital, as a party from a malpractice suit involving that hospital and other parties. Plaintiff's appeal concerns the propriety of the dismissal order. The undisputed facts are as follows.

On August 16, 1984, plaintiff filed suit alleging negligence arising out of medical treatment he had received for his left eye on August 16, 1982. The suit named Holy Family Hospital and others, not involved in this appeal, as defendants. An alias summons was first placed for service on defendant Holy Family Hospital on April 3, 1985, and was actually served on the first attempt on April 15. Defendant first appeared on June 13, 1985, and, after requesting additional time to answer or otherwise plead, was granted an extension to August 12. Also on June 13, defendant filed interrogatories, a notice to produce, and a notice for plaintiff's deposition. Two weeks later, on June 26, defendant served on all parties its motion to dismiss with prejudice for plaintiff's failure to exercise due diligence in obtaining service pursuant to Supreme Court Rule 103(b). 107 Ill. 2d R. 103(b).

The motion was set for hearing on August 13, 1985, at which time it was filed with the court. At this time, plaintiff filed his response to the notice to produce and answers to interrogatories. Hearing was held on defendant's motion to dismiss on April 30, 1986. In granting the motion, the trial court specifically found that plaintiff had not exercised due diligence and that defendant had not waived dismissal through participation in discovery. The order was made final and appealable pursuant to Supreme Court Rule 304(a). (107 Ill. 2d R. 304(a).) Subsequent to entry of the final order, on May 30, plaintiff moved to vacate the dismissal order. The court denied plaintiff's motion on September 9, 1986, and this appeal was filed on October 9, 1986.

Also pending before this court is Holy Family Hospital's motion to dismiss plaintiff's appeal pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)) as interpreted in the recent supreme court decision in *Elg v. Whittington* (1987), 119 Ill. 2d 344. The court in *Elg* held that in multiparty causes of action, the time within which to appeal from a final order relating to fewer than all of the parties or claims begins to run from the entry of the final order; time for appeal is not tolled while a post-trial motion is pending. In the present case, other defendants were still parties to the suit when Holy Family Hospital was dismissed from the cause by a final order. The other defendants were subsequently voluntarily dismissed without prejudice on September 9.

Plaintiff's post-trial motion to vacate was timely filed, but his appeal of the underlying order was filed more than five months after entry of the final order. The pending motion to vacate did not toll the time to appeal. Keeping in mind the maxim that the issue of subject matter jurisdiction may be raised at any time (*In re Marriage of Bussey* (1984), 128 Ill. App. 3d 730, 471 N.E.2d 563, *aff'd* (1985), 108 Ill. 2d 286, 483 N.E.2d 1229), it is clear that this court does not have jurisdiction to consider the merits of plaintiff's untimely appeal. Accordingly, defendant's motion to dismiss on jurisdictional grounds is granted.

Dismissed.

LORENZ, P.J., and SULLIVAN, J., concur.