MAHMOUD HASSAN, a/k/a Mohmoud Hassan, Plaintiff-Appellee, v. GAYLE S. WAKEFIELD *et al.*, Defendants-Appellants.

First District (1st Division)   Nos. 1—87—1796, 1—87—3884 cons.

Opinion filed September 24, 1990.

Robert V. Gildo, Ltd., of Wheaton (Robert V. Gildo, of counsel), for appellants.

Elmore & DeMichael, of Oak Forest (Joseph E. Daudish and Joseph J. DeMichael, of counsel), for appellee.

JUSTICE MANNING delivered the opinion of the court:

Defendants appeal from the granting of summary judgment to the plaintiff, Mahmoud Hassan, a/k/a Mohmoud Hassan (hereafter Hassan), as to count I of his complaint and the trial court's denial of the defendants' motion to reconsider (No. 1—87—1796). A subsequent appeal related to this matter (No. 1—87—3884) was filed on December 22, 1987, by the defendants from an order of the trial court granting summary judgment to the plaintiff as to counts II through IX of his complaint and the denial of defendants' motion to dismiss. On April 19, 1988, an order was entered by this court consolidating the two related appeals.

On December 18, 1980, Hassan entered into a long-term lease agreement with defendants, Gayle S. Wakefield (hereafter Wakefield) and Fair Automotive Repair, Inc., for property located at 4800 West 111th Street, Oak Lawn. Wakefield is the president and majority stockholder of Fair Automotive Repair, Inc. The lease agreement required the defendants to make monthly rental payments and periodic payments of additional rent determined by gross sales and real estate taxes. During the lease period payments were made to either Marathon Finance Company or Hassan. On April 11, 1986, it was determined that Wakefield had defaulted by his failure to pay the basic rent for the preceding nine consecutive months plus the additional rent based on gross sales and real estate taxes.

A notice of default was sent to the defendants on April 11, 1986, and received on April 14, 1986, requiring a payment in excess of $40,000 for past-due rent. Payment was due to be made by April 30, 1986, and on that date, Hassan's attorney received several checks totalling $40,166.41 from the defendants as payment for the past-due rent obligation. On May 1, 1986, Hassan took the checks to the First

Security Bank of Downers Grove (hereafter Bank) to have the checks either cashed or certified. The Bank refused to cash the checks since they totaled more than the amount available in the defendants' account officially known as "uncollected funds." These are funds credited to a drawer's account that have not cleared. The checks were stamped "uncollected funds" and returned to Hassan without payment. Hassan did not attempt to deposit these checks into his account.

On May 2, 1986, Hassan sent the defendants a notice of termination of lease. Thereafter, Hassan filed a complaint in forcible detainer. Count I sought possession of the premises and counts II through IV requested monetary damages. On May 16, 1986, the defendants' attorney sent Hassan a letter informing him that the check given to Hassan for the sum of $40,166.41 "was available for deposit and presently there are sufficient funds to cover that check."

On December 10, 1986, Hassan filed a motion for summary judgment as to count I of his complaint seeking a vacatur of the premises. This motion was granted by the trial court on March 12, 1987. The defendants did not vacate the premises at the scheduled time. Instead, they filed a motion to reconsider the March 12, 1987, order which was denied on May 6, 1987. Hassan filed an emergency motion for an order of immediate possession of the premises which was granted on May 26, 1987. Defendants filed a notice of appeal on June 4, 1987, appealing the trial court's March 12, 1987, order granting summary judgment as to count I of their complaint and the May 6, 1987, order denying the defendants' motion to reconsider.

On June 12, 1987, plaintiff filed a motion to dismiss appeal No. 1—87—1796, asserting that this court lacked jurisdiction because defendants failed to file a timely notice of appeal. We ordered this motion to be taken with the case. The initial issue that must be decided is whether this court has jurisdiction to consider the merits of this appeal. The timely filing of a notice of appeal is both jurisdictional and mandatory. (Supreme Court Rule 301 (107 Ill. 2d R. 301); *City Auto Paint & Supply, Inc. v. Brandis* (1979), 73 Ill. App. 3d 863, 865, 392 N.E.2d 703.) Moreover, a reviewing court must be certain of its jurisdiction prior to proceeding in a cause of action where the court's jurisdiction is lacking. *Brandis*, 73 Ill. App. 3d at 865.

This appeal was filed pursuant to Supreme Court Rule 304(a). The purpose underlying the enactment of Rule 304(a) is to provide for an immediate appeal in cases involving judgments as to fewer than all the parties or claims. (*Carter v. Chicago & Illinois Midland Ry. Co.* (1988), 119 Ill. 2d 296, 308, 518 N.E.2d 1031; *Elg v. Whittington*

(1986), 149 Ill. App. 3d 307, 311, 500 N.E.2d 568, *aff'd* (1987), 119 Ill. 2d 344, 518 N.E.2d 1232.) Rule 304(a) provided:

> "Rule 304: Appeals from Final Judgments That Do Not Dispose of an Entire Proceeding
>
> (a) Judgments As To Fewer Than All Parties or Claims—Necessity for Special Finding. If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. The time for filing the notice of appeal shall run from the entry of the required finding." 107 Ill. 2d R. 304(a).[1]

■ On March 12, 1987, the trial court granted plaintiff's motion for summary judgment as to count I of his complaint and denied defendants' motion for summary judgment. The order was entered containing the language of Supreme Court Rule 304(a) that "this is a final order and there is no just reason to delay enforcement or appeal hereof." On April 1, 1987, defendants filed a motion to reconsider the trial court's March 12, 1987, order which was denied on May 6, 1987. Plaintiff filed a notice of appeal on June 4, 1987. Although plaintiff filed a timely post-trial motion to reconsider, the notice of appeal was untimely filed since it was not filed within 30 days of the March 12, 1987, order in which the trial court issued its Rule 304(a) finding. (See *Mostardi-Platt Associates, Inc. v. American Toxic Disposal, Inc.* (1989), 182 Ill. App. 3d 17, 537 N.E.2d 922; *Smith v. Beltran* (1988), 166 Ill. App. 3d 411, 519 N.E.2d 1034.) Moreover, a pending motion to reconsider under the prior rule did not toll the time to appeal from a final judgment. (See *Beltran*, 166 Ill. App. 3d 411; *Whittington*, 149 Ill. App. 3d at 313, *aff'd* (1987), 119 Ill. 2d 344, 518 N.E.2d 1232.) To allow a party to toll the time for appeal by filing a motion to reconsider would "thwart" the purpose and rationale of that prior Rule 304(a). (*Whittington*, 149 Ill. App. 3d at 311, *aff'd* (1987), 119 Ill. 2d 344, 518 N.E.2d 1232.) Instead, the post-judgment motion had to be filed first, and after denial of the motion, the Rule 304(a) finding ob-

---

[1]Effective January 1, 1989, Rule 304(a) was amended to provide that the time for filing a notice of appeal shall be as provided in Rule 303, which requires that the notice of appeal must be filed within 30 days after entry of the final judgment appealed from, or if a timely post-trial motion directed against the judgment is filed, within 30 days after entry of order disposing of the last pending post-trial motion.

tained. *Whittington*, 149 Ill. App. 3d at 311, *aff'd* (1987), 119 Ill. 2d 344, 518 N.E.2d 1232.

■ Under the rule as it existed at the time of the instant judgment, when parties failed to file their appeal of an interlocutory order within 30 days of entry of the final order, they waived their right to appeal. (*Predny v. Village of Park Forest* (1987), 164 Ill. App. 3d 688, 693, 518 N.E.2d 1243; *Whittington*, 149 Ill. App. 3d at 313; see also *Archambault v. Reliance Insurance Co.* (1981), 95 Ill. App. 3d 632, 635, 420 N.E.2d 552.) It is clear from the record that defendants' notice of appeal was not filed within 30 days of the trial court's order granting summary judgment as to count I which included a Rule 304(a) finding. Therefore, this court does not have jurisdiction to review the merits of defendants' untimely appeal. Accordingly plaintiff's motion to dismiss the appeal in cause No. 1—87—1796 for lack of jurisdiction is granted.

We must now consider the remaining consolidated appeal. In this appeal, counsel for the parties failed to comply with the supreme court rules governing briefs since briefs were not filed by either party to this action. (See 107 Ill. 2d R. 341.) However, the record reveals that in this cause of action, on June 11, 1987, Hassan filed a motion for summary judgment as to counts II through X of the complaint. Thereafter, defendants filed a motion to stay all proceedings pending the outcome of appeal No. 1—87—1796 which was denied on August 3, 1987, by the trial court. On November 23, 1987, the trial court granted plaintiff's motion for summary judgment as to counts II through IX and denied the motion as to count X and pursuant to plaintiff's motion count X was withdrawn. The trial court also contemporaneously denied defendant's motion to dismiss.

■ ■ On December 22, 1987, defendants filed a notice of appeal from the November 23, 1987, order pursuant to Supreme Court Rule 303(a). As previously noted, defendants failed to submit any briefs in support of its notice of appeal nor did the plaintiff submit any briefs. It is well settled that a reviewing court is entitled to have the issues on appeal clearly defined, including the citation of pertinent authority and the presentment of cohesive legal argument. (*Thrall Car Manufacturing Co. v. Lindquist* (1986), 145 Ill. App. 3d 712, 719, 495 N.E.2d 1132; *Bass v. Washington-Kinney Co.* (1983), 119 Ill. App. 3d 713, 728, 457 N.E.2d 85.) Further, a reviewing court is not a depository in which an appellant may dump upon the court the entire matter of pleadings, argument, and research. (*Lindquist*, 145 Ill. App. 3d at 719; *In re Estate of Kunz* (1972), 7 Ill. App. 3d 760, 763, 288 N.E.2d 520.) We have frequently held that bare contentions without

160

providing argument or citations do not merit consideration on appeal. (*People ex rel. Aldworth v. Dutkanych* (1985), 131 Ill. App. 3d 1007, 1009, 476 N.E.2d 805, *aff'd* (1986), 112 Ill. 2d 505; *Deckard v. Joiner* (1970), 44 Ill. 2d 412, 255 N.E.2d 900.) Therefore, we will not address the merits of defendants' appeal. (See 107 Ill. 2d R. 341; *Dutkanych*, 131 Ill. App. 3d at 1009, *aff'd* (1986), 112 Ill. 2d 505.) Accordingly, the appeal as to cause No. 1—87—3884 is also dismissed.

Appeal dismissed.

CAMPBELL and O'CONNOR, JJ., concur.