H.H. "SAM" BARTER, Plaintiff-Appellant and Cross-Appellee, v. THOMAS SLAYBACK *et al.*, Defendants-Appellees (Alan Reyhan *et al.* Defendants-Appellees and Cross-Appellants).

Fifth District   No. 5—89—0176

Opinion filed September 30, 1992.

Edward J. Kionka, of Carbondale, Edward G. Maag and Ronald D. Stanley, both of Columbia, and L. Thomas Lakin, of Lakin & Herndon, P.C., of Wood River, for appellant.

Lord, Bissell & Brook, of Chicago (Hugh C. Griffin and Thomas P. Minnick, of counsel), for appellee Leslie W. Michael.

Freeark, Harvey, Mendillo, Dennis, Wuller & Buser, P.C., of Belleville (Ted Harvey, Jr., of counsel), for appellee Lord, Bissell & Brook.

D. Peter Wise, of Metnick, Barewin & Wise, of Springfield, for appellees Alan Reyhan, Max Floyd, and Thomas Slayback.

Michael F. Dahlen, of Feirich/Schoen/Mager/Green, of Carbondale, for appellees Ernst & Whinney and Anthony M. Schelonka.

Carl W. Lee and Thomas R. Peters, both of Gundlach, Lee, Eggmann, Boyle & Roessler, of Belleville, for appellee David Cox.

JUSTICE RARICK delivered the opinion of the court:

Plaintiff, H.H. "Sam" Barter, appeals from the entry of summary judgments and dismissal against him in favor of defendants by the circuit court of Saline County. Defendants cross-appeal from the denial of sanctions under section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—611).

In the spring of 1977, Barter and defendant Reyhan agreed to form a partnership for the purpose of buying heavy construction equipment to lease or rent to contractors for a road-building project in Haiti. Each borrowed money to buy the equipment which was then leased to Sangamo-Barter Construction Co. and J.D. Barter Construction Co. In August of 1977, Barter and Reyhan entered into a written partnership agreement in Haiti formalizing their prior oral agreement. In 1981, as the project neared completion, the equipment of the partnership was sold in Texas. None of the proceeds from the sale were paid to Barter or to the partnership, which was then owed some $3 million from Sangamo-Barter Construction Co. In May of 1986, Barter filed a complaint against Reyhan and his attorneys and accountants and officers of and for J.D. Barter Construction Co. (defendants), alleging conversion of property and assets, conspiracy and fraud. Defendants responded by filing motions to dismiss and/or for summary judgments alleging no valid partnership had been formed under Haitian law. In addition, defendant Lord, Bissell & Brook filed as part of its answer a request for sanctions pursuant to section 2—611. On November 18, 1988, the trial court entered its judgment ruling in favor of defendants' motions for dismissal and summary judgment. The trial court concluded the alleged partnership never existed as a legal entity under Haitian law, and even if the partnership were valid, the arbitration clause of their agreement barred recovery in an Illinois court. The order further granted defendants leave to file motions for sanctions under section 2—611 of the Code of Civil Procedure while

finding no just reason to delay enforcement or appeal pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)) with respect to the granting of summary judgment and/or dismissal. On December 16, Barter filed a motion to reconsider and set aside the dismissal and summary judgments. Barter also filed a motion for leave to amend his complaint. On February 27, 1989, the court denied Barter's motions for reconsideration and leave to amend. The next day the court denied defendants' motions for sanctions. Barter subsequently filed his appeal on March 22, 1989, alleging the trial court erred in entering summary judgments against him and in denying him leave to amend his complaint. Defendants cross-appealed the denial of sanctions. Specifically, defendant Michael filed his cross-appeal on March 29; defendant Lord, Bissell & Brook filed its cross-appeal on March 30; defendants Ernst & Whinney and Schelonka filed their cross-appeal on March 31; and defendants Reyhan and Floyd filed their cross-appeal on April 4, 1989.

Before we can look to the merits of Barter's appeal, we first must determine whether we have jurisdiction over his appeal. Defendants assert Barter failed to file his notice of appeal within 30 days from the date of the trial court's order granting defendants' motions for summary judgment and/or dismissal thereby waiving his right to appeal. Barter contends his motion for reconsideration filed within 30 days of the entry of the trial court's order tolled the time for filing a notice of appeal until the trial court disposed of that motion. As the notice of appeal was filed within 30 days of the order entered on Barter's motion to reconsider, Barter believes we have jurisdiction. Barter further points out we already ruled in his favor on this exact issue once before when defendants previously filed motions to dismiss the appeal on the same grounds they assert now. According to Barter, defendants essentially are asking us to reconsider our previous ruling. While this may be true, it is our duty to inquire into and make certain of our jurisdiction prior to proceeding in a cause of action. (See *Hassan v. Wakefield* (1990), 204 Ill. App. 3d 155, 157, 561 N.E.2d 1160, 1162; *Fair Automotive Repair, Inc. v. Car-X Service Systems, Inc.* (1984), 128 Ill. App. 3d 763, 773, 471 N.E.2d 554, 562; *City Auto Paint & Supply, Inc. v. Brandis* (1979), 73 Ill. App. 3d 863, 865, 392 N.E.2d 703, 705.) We therefore address the issue of jurisdiction.

We begin with the principle that the timely filing of a notice of appeal is mandatory and jurisdictional. (See, *e.g., Hassan*, 204 Ill. App. 3d at 157, 561 N.E.2d at 1162; *City Wide Carpet, Inc. v. John* (1980), 83 Ill. App. 3d 538, 541, 404 N.E.2d 465, 467.) Un-

der Supreme Court Rule 303(a) (107 Ill. 2d R. 303(a)), a notice of appeal must be filed within 30 days after the entry of a final and appealable order or judgment, unless the court on its own motion undertakes to review the order or a timely post-trial motion is filed. If either of these happen, then the 30-day period is tolled until disposition of the post-trial motion occurs, which then starts the 30-day period over again. (See, *e.g., Marsh v. Evangelical Covenant Church* (1990), 138 Ill. 2d 458, 460, 563 N.E.2d 459, 461; *City Wide Carpet,* 83 Ill. App. 3d at 541, 404 N.E.2d at 467.) The timing of appeals for final orders which do not dispose of all matters presented to the court is governed by Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)). (See *Marsh,* 138 Ill. 2d at 464, 563 N.E.2d at 463.) Under Rule 304(a), if the trial court's order disposes of fewer than all of the claims in an action, then the court must have made an express written finding that there is no just reason for delaying enforcement or appeal before the order is appealable. Without this finding, the order is not appealable until all of the claims have been resolved. (See *Marsh,* 138 Ill. 2d at 464, 563 N.E.2d at 463.) Here, the trial court entered an order on November 18, 1988, granting defendants' motions to dismiss and/or for summary judgment. While Barter's claims were disposed of, defendants' claim for sanctions remained pending. Section 2—611 claims are considered to be part of the civil action which gave rise to the claims, not separate actions. (*Marsh,* 138 Ill. 2d at 467-68, 563 N.E.2d at 464; see also *Palmisano v. Connell* (1989), 179 Ill. App. 3d 1089, 1095, 534 N.E.2d 1243, 1247.) Consequently, no appeal may be taken from an otherwise final judgment entered in an action when a section 2—611 claim remains to be resolved, absent a finding that there is no just reason to delay enforcement or appeal. (*Marsh,* 138 Ill. 2d at 468, 563 N.E.2d at 464-65; see also *Hise v. Hull* (1983), 116 Ill. App. 3d 681, 683-84, 452 N.E.2d 372, 374-75.) Here we have that finding. The Rule 304(a) finding included in the court's written order of November 18 made the order immediately appealable thereby giving Barter 30 days in which to file his notice of appeal, regardless of the pending claim for sanctions. See *Marsh,* 138 Ill. 2d at 468-69, 563 N.E.2d at 464-65.

■ Instead of filing a notice of appeal within 30 days, Barter filed a motion to reconsider, a motion which he believes tolled the 30-day period. At the time the trial court entered its order, Rule 304(a) provided in part:

"If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final

judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. *The time for filing the notice of appeal shall run from the entry of the required finding.*" (Emphasis added.) (107 Ill. 2d R. 304(a).)

According to the holding of *Elg v. Whittington* (1987), 119 Ill. 2d 344, 518 N.E.2d 1232, the filing of a timely post-trial motion does not toll the running of the 30-day period for filing a timely notice of appeal under this language. (119 Ill. 2d at 351, 518 N.E.2d at 1235.) As the court stated, to hold otherwise would undermine the certainty which a Rule 304(a) finding provided. (119 Ill. 2d at 353, 518 N.E.2d at 1236.) Barter contends, however, Rule 304(a) was amended specifically to counter the decision rendered in *Elg*, and the amendment took effect while his case was still pending before the trial court under a motion to reconsider. The amendment to which Barter refers provided that, effective January 1, 1989, the time for filing a notice of appeal under Rule 304(a) would be provided as in Rule 303(a). (See *Hassan*, 204 Ill. App. 3d at 158 n.1, 561 N.E.2d at 1162 n.1.) By January 1, 1989, however, Barter's time in which to file his notice of appeal had already expired. Unfortunately, the amended provision, even though procedural in nature, could not be retroactively applied to revive a claim already barred under the prior law. (See *Arnold Engineering, Inc. v. Industrial Comm'n* (1978), 72 Ill. 2d 161, 163, 380 N.E.2d 782, 783.) As our supreme court has noted often, a procedural rule will not be applied retroactively when to do so would impair constitutionally protected vested rights. (See, *e.g., Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 390-91, 415 N.E.2d 1034, 1042; see also *Champaign County Bank & Trust Co. v. Jutkins* (1963), 29 Ill. 2d 253, 256, 193 N.E.2d 779, 781-82.) While we express no opinion as to the propriety of the trial court's granting of summary judgments and dismissal in favor of defendants in this instance, under Rule 304(a) as it existed at the time the trial court entered its judgment, Barter's failure to file a notice of appeal within 30 days of the Rule 304(a) finding precludes appellate review of that order. (*Hassan*, 204 Ill. App. 3d at 159, 561 N.E.2d at 1163.) We are therefore required to dismiss Barter's appeal on the basis of lack of jurisdiction.

■ ■ As for defendants' cross-appeals pertaining to the denial of sanctions, we first note the cross-appeals of defendants Reyhan,

Floyd, Ernst & Whinney and Schelonka were filed more than 30 days from the order from which they appeal. We therefore must also dismiss these cross-appeals. (See *Benet Realty Corp. v. Lisle Savings & Loan Association* (1988), 175 Ill. App. 3d 227, 235, 529 N.E.2d 718, 723; 107 Ill. 2d R. 303(a)(3).) As for the remaining two timely filed cross-appeals, we find no abuse of the trial court's discretion under the circumstances. We cannot say that either Barter or his attorneys violated section 2—611 in filing this action. The issue raised by Barter's complaint was the legal effect of a partnership, whether it be a written contract under Haitian law or an oral agreement in Illinois. Experts on both sides differed as to the interpretations and results of the parties' partnership. Legitimate doubts also exist as to whether the arbitration agreement contained in the written contract even controlled the nature of this dispute between the parties. Sanctions under section 2—611 should only be awarded when the moving party has clearly proven that the other party's allegations were untrue and made without reasonable cause. (*In re Estate of Wernick* (1989), 127 Ill. 2d 61, 77, 535 N.E.2d 876, 883.) The fact the trial court entered summary judgments and/or a dismissal in favor of defendants does not mean Barter had no reasonable cause to make the allegations he did upon filing suit. (See *U.S. Minerals & Mining, Inc. v. Licensed Processors, Ltd.* (1990), 194 Ill. App. 3d 428, 436, 551 N.E.2d 661, 666.) We therefore conclude the trial court did not err in denying defendants motions for sanctions under section 2—611.

For the aforementioned reasons, we dismiss the appeal of Barter for lack of jurisdiction, dismiss the cross-appeals of Reyhan, Floyd, Ernst & Whinney and Schelonka as being untimely, and affirm the judgment of the circuit court of Saline County dismissing defendants' motions for sanctions for those cross-appeals timely filed.

Dismissed in part; affirmed in part.

GOLDENHERSH, P.J., and H. LEWIS, J., concur.