RANDOLPH A. KOTALIK, Plaintiff-Appellant, v. ROGER JENSEN *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—89—1838

Opinion filed August 3, 1990.

John H. Anderson, of Evergreen Park, for appellant.

McKenna, Storer, Rowe, White & Farrug, of Chicago (James P. DeNardo, of counsel), for appellees.

JUSTICE MURRAY delivered the opinion of the court:

Plaintiff Randolph A. Kotalik (Kotalik) filed an appeal from an order of the circuit court of Cook County dismissing three counts of his four-count complaint against defendants, Roger Jensen and Septran, Inc. Defendants moved to dismiss the appeal, asserting that this court is without jurisdiction because the notice of appeal was not timely filed. This court ordered that defendants' motion to dismiss be taken with the case. We now conclude that plaintiff did not comply with the rules of procedure for filing his appeal and that, consequently, this court is without jurisdiction to reach the merits of the appeal. Accordingly, we dismiss.

In December 1988 Kotalik filed a four-count complaint stating that he had been an employee of Septran, Inc., from June 1976 until June 1988, at which time his employment with the company was terminated. Kotalik alleged: (count I) that his termination breached his employment contract with Septran, Inc.; (count II) that his termination was retaliatory and, thus, violated Illinois statutory law and pub-

lic policy; (count III) that defendants promised him employment for life, that he detrimentally relied upon this promise and that defendants should be estopped from denying that an employment-for-life contract existed; and (count IV) that Jensen intentionally interfered with his contractual relationship with Septran by intentionally and maliciously causing Septran to terminate his employment.

On February 3, 1989, defendants moved to dismiss counts I, III, and IV of Kotalik's complaint, charging that these claims were legally insufficient (Ill. Rev. Stat. 1989, ch. 110, par. 2—615), and on June 13, 1989, the trial court granted defendants' motion, dismissing the three counts. In its order the trial court found that there was "no just reason to delay the enforcement or appeal of the order" and, by including this language, made the order final and appealable pursuant to Illinois Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) despite the fact that a cause of action still pended against defendants on count II of plaintiff's complaint.

On July 11, 1989, Kotalik filed a notice of appeal from the June 13, 1989, order of the trial court and on the same date filed a motion in the trial court, asking that it reconsider its decision dismissing the three counts. Kotalik did not withdraw his notice of appeal. Instead, he filed a motion in this court on September 20, 1989, asking that proceedings be stayed during the pendency of his motion for reconsideration in the circuit court. This motion was allowed on September 27, 1989.

On October 2, 1989, the trial court denied Kotalik's motion for reconsideration, inserting in the order, once again, the language that there existed no just reason to delay enforcement or appeal of the order. Kotalik filed no new notice of appeal from this order. Instead, on October 23, 1989, he moved to supplement the record and file his appellate brief. This motion was granted on November 2, 1989. On December 1, 1989, defendants moved to dismiss the appeal and, as stated earlier, on December 7, 1989, this court ordered that the motion to dismiss be taken with the appeal.

Defendants argue that this court has no jurisdiction over the appeal because Kotalik failed to file a notice of appeal from the October 2, 1989, order denying the motion to reconsider. Defendants further contend that the July 11, 1989, notice of appeal is of no effect and does not confer jurisdiction upon this court. We agree.

Prior to the case of *Elg v. Whittington* (1987), 119 Ill. 2d 344, 518 N.E.2d 1232, there was considerable confusion over when judgments that do not dispose of all parties or all claims become final for purposes of appeal. The *Elg* court interpreted Supreme Court Rule 304(a)

and determined that the "filing of a timely post-trial motion will not toll the running of the 30-day period for filing a timely notice of appeal based upon a Rule 304(a) finding." (119 Ill. 2d at 351.) Thus, pursuant to *Elg*, in all cases in which a notice of appeal was filed or due to be filed after November 16, 1987, an appeal from a judgment that did not dispose of all parties or claims but which contained the Rule 304(a) language would have to be taken, if at all, within 30 days of the date of entry, notwithstanding the timely filing of any post-judgment motions.

■ However, following the *Elg* opinion, on November 21, 1988, Supreme Court Rule 304(a) was revised to correct the procedural disparity in treatment, created by *Elg*, between appeals brought under Supreme Court Rules 303 and 304. Pursuant to this revision, which became effective January 1, 1989, Rule 304(a) reads, in pertinent part:

> "The time for filing a notice of appeal shall be as provided in Rule 303. In computing the time provided in Rule 303 for filing the notice of appeal, the entry of the required finding shall be treated as the date of the entry of final judgment." 134 Ill. 2d R. 304(a).

The Committee Comments following this revision state:

> "Rule 304(a) was amended in 1988 to cure the defect that compelled the Supreme Court, in *Elg v. Whittington* (1987), 119 Ill. 2d 344, to hold that the filing of post-trial motions in the trial court do not toll the time for filing a notice of appeal under Rule 304, as it does under Rule 303. This amendment clarifies Rule 304 and makes it clear that the time for filing a notice of appeal under Rule 304 is governed by the provisions of Rule 303 and that the date of which the trial court enters its written finding that there is no just reason for delaying enforcement or appeal shall be treated as the date of the entry of final judgment for purposes of calculating when the notice of appeal must be filed. It should be noted that the filing of post-trial motions in cases appealed under Rule 304 will have the same effect as spelled out in Rule 303." 134 Ill. 2d R. 304.

■ In light of this revision we must be guided by Rule 303 in our determination of whether plaintiff's notice of appeal, filed within 30 days of the July 11, 1989, order, is sufficient to confer jurisdiction on this court to review the merits of this appeal. We find that, when applying Rule 303, the notice of appeal in this case was not timely filed. Rule 303(a)(2) states, in pertinent part:

> "When a timely post-trial motion has been filed by any party,

whether in a jury case or a nonjury case, a notice of appeal filed before the entry of the order disposing of the last pending post-trial motion *shall have no effect and shall be withdrawn by the party who filed it, by moving for dismissal pursuant to Rule 309. This is so whether the timely post-trial motion was filed before or after the date on which the notice of appeal was filed. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the post-trial motion, as provided in subparagraph (a)(1) of this rule.*" (Emphasis added.) 134 Ill. 2d R. 303(a)(2).

■ Plaintiff admits that he did not withdraw his July 11, 1989, notice of appeal and that a new notice of appeal was "inadvertently" not filed upon the disposition of his post-trial motion. He contends, however, that this court should choose to reach the merits of his appeal because defendants were aware of his intention to have the matter reviewed and because defendants are not "prejudiced" by his failure to refile the notice of appeal. But, failure to file a timely notice of appeal is jurisdictional (*Dillman & Associates, Inc. v. Capitol Leasing Co.* (1982), 110 Ill. App. 3d 335, 442 N.E.2d 311), and it is not within this court's authority to overlook plaintiff's failure to comply with the rules of civil procedure. The fact that plaintiff filed a motion to stay his appeal and this court granted the motion is of no consequence since the filing of a timely post-judgment motion automatically stays the time period for filing a notice of appeal (*Bradford v. Soto* (1987), 159 Ill. App. 3d 668, 512 N.E.2d 765) and, pursuant to the rules of procedure, a new notice of appeal "must be filed" within the 30 days following the final judgment entered on the post-judgment motion. (134 Ill. 2d R. 303(a).) For these reasons we grant defendants' motion to dismiss plaintiff's appeal for lack of jurisdiction. Accordingly, we may not consider the merits of plaintiff's appeal.

Appeal dismissed.

COCCIA, P.J., and GORDON, J., concur.