JOHN REYES, Plaintiff-Appellant, v. COMPASS HEALTH CARE PLANS
*et al.*, Defendants-Appellees.

First District (6th Division)   Nos. 1—92—1853, 1—92—1854 cons.

Opinion filed September 3, 1993.—Rehearing denied October 5, 1993.

John Reyes, of Calumet City, appellant *pro se.*

Roberts, Simon & Even, Ltd., of Inverness (James L. Simon, of counsel), for appellees.

JUSTICE GIANNIS delivered the opinion of the court:

Plaintiff, John Reyes, filed a *pro se* complaint seeking damages for breach of his employment contract with defendants Compass Health Care Plans (Compass), Aldo Giacchino, and Adrian Kutska. The trial court granted defendants' motion for summary judgment, finding that defendants terminated plaintiff's employment in accordance with the terms of the written employment agreement and that plaintiff received all payments required under the agreement. Thereafter, plaintiff brought a motion for reconsideration and for leave to amend his complaint, which was denied. The trial court subsequently granted defendants' request for sanctions pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137), finding that plaintiff knew his action was not well grounded in fact. Plaintiff appeals the grant of summary judgment, the denial of his motion for leave to amend the complaint, and the order granting defendants' request for sanctions.

The record reveals that plaintiff filed his complaint on October 21, 1991, alleging that defendants had breached his written employment agreement and requesting damages in the amount of $17,300, which, according to plaintiff, constituted the unpaid salary due him through the one-year term of the employment contract. The complaint also sought damages for commissions due on sales and special projects as referred to in the employment contract, but the work performed and the amounts of these commissions were not specifically alleged. The complaint asserted that plaintiff had entered into two successive employment contracts with the defendants, and both written agreements were attached as exhibits to the complaint. The original contract covered the period from January 1, 1990, through December 31, 1990, and was confirmed in a written agreement dated February 8, 1990.

The second contract, which was the subject of the complaint, covered the period from April 1, 1991, through March 31, 1992. The second agreement consisted of a letter dated March 19, 1991, and which set forth the terms of plaintiff's employment. The first and last paragraphs of this agreement specifically indicated that the contract may be terminated by either party in writing with 30 days' notice.

On November 19, 1991, defendants filed a motion for summary judgment supported by an affidavit executed by Aldo Giacchino and Adrian Kutska. In their motion, defendants asserted that the plaintiff's employment was properly terminated with 30 days' notice in accordance with the terms of the written agreement and that there was no genuine issue of material fact. Defendants alleged that written notice of the termination was tendered to plaintiff on September 11, 1991, effective October 11, 1991, and that plaintiff had been paid for his services through October 11, 1991. The motion asserted further that both of the individual defendants acted only as employees and agents of defendant Compass and that neither of them had ever entered into a separate contract with plaintiff.

In the affidavit filed in support of the motion for summary judgment, Giacchino and Kutska asserted that plaintiff's second employment contract which was entered into on March 19, 1991, included a provision permitting either party to terminate the agreement upon 30 days' notice; Giacchino personally delivered to plaintiff a notice of termination on September 11, 1991, in the presence of Kutska; neither affiant entered into a separate employment agreement with the plaintiff; and to the knowledge of both Giacchino and Kutska, plaintiff had been paid through October 11, 1991, the effective date of the termination of the contract.

Plaintiff filed a document on December 6, 1991, which was entitled "response to defendant affidavit on summary judgment" which asserted, *inter alia*, that the affidavit filed by defendants did not conform with the requirements of Supreme Court Rule 191 (134 Ill. 2d R. 191) and was improper because it was executed by two separate individuals who did not possess personal knowledge of the same set of facts presented in the affidavit. This response requested that the court strike the motion for summary judgment and the supporting affidavit. Plaintiff simultaneously filed a response to defendants' motion for summary judgment which was signed by plaintiff but was not supported by an affidavit.

On December 20, 1991, plaintiff moved to strike the affidavit of Giacchino and Kutska, claiming that it did not conform with the requirements of Supreme Court Rule 191 (134 Ill. 2d R. 191). Plaintiff

also presented an affidavit executed by Ms. Gail Hejnosz. This affidavit referred to the original contract confirmed in the agreement dated February 8, 1990, but made no reference to the terms of the March 19, 1991, contract which covered the period from April 1, 1991, to March 31, 1992, and did not provide any evidence as to the performance or breach of those terms.

On December 26, 1991, plaintiff filed a memorandum in opposition to the defendants' motion for summary judgment. In his memorandum, plaintiff suggested that the written employment contract had been orally modified, and he denied that defendants had paid him for services rendered through the termination date. Plaintiff also denied that defendants had tendered to him a payroll check numbered 2852 which constituted the final payment due him under the employment contract.

Plaintiff simultaneously filed a document entitled "additional affidavit of plaintiff John Reyes," which asserted that defendants had not tendered to him a check numbered 2852 and that defendants had not produced any evidence to support their claim that plaintiff had been paid in full after documented expenses had been deducted from his salary. Although the additional affidavit requested that the court allow him to amend his cause of action, plaintiff did not include any indication of the nature of the intended amendment, and no proposed amended pleading was tendered to the court.

Defendants filed a reply in support of the motion for summary judgment on December 27, 1991, which asserted that plaintiff's employment contract had been terminated with 30 days' written notice as required by the contract and that plaintiff had been paid in full for services rendered through the date of termination of the employment contract. Defendants' reply was supported by an additional affidavit executed by Aldo Giacchino which asserted that plaintiff had been compensated through October 11, 1991, the last date of his employment. The affidavit also asserted that a payroll check numbered 2852 and dated October 4, 1991, had been tendered to plaintiff and represented the final payment due him. Giacchino's affidavit asserted further that this payroll check had not been returned to Compass by its bank. Finally, the affidavit asserted that the differences in the amounts of these payroll checks was attributable to certain deductions from plaintiff's salary to offset personal or unauthorized expenses incurred by plaintiff during his employment with Compass. Attached to this affidavit were copies of payroll checks made payable to plaintiff and dated July 26, 1991, August 30, 1991, and October 4, 1991.

After a hearing at which plaintiff and counsel for defendants presented argument, the trial court granted summary judgment in favor of defendants. In entering this judgment, the trial court found, upon examination of the documents, affidavits, and exhibits presented, that plaintiff's employment with Compass was governed by the written agreement dated March 19, 1991; plaintiff's employment had been properly terminated in accordance with the provisions of that agreement; and plaintiff had been paid in full for his services through the termination date, October 11, 1991. This order specifically stated that there was no just cause for delay in enforcement or appeal of the judgment. After judgment was rendered, the trial judge informed plaintiff that he had 30 days within which to file a post-judgment motion.

On January 17, 1992, plaintiff filed a motion seeking reconsideration of the entry of summary judgment and requesting leave to amend his complaint. Defendants filed a response in opposition to plaintiff's post-judgment motion, which was supported by an affidavit by Aldo Giacchino and an affidavit by counsel for defendants. Plaintiff filed a reply and affidavit in support of his post-judgment motion which asserted that the 1099 tax form appended to his post-judgment motion indicated he had not received the full amount of the compensation due him under the contract and that plaintiff had never seen the payroll check numbered 2852.

On February 24, 1992, the trial court denied plaintiff's post-judgment motion and found that there was no just cause for delay in enforcement or appeal of the summary judgment entered December 27, 1991. On the same day the plaintiff's post-judgment motion was denied, defendants filed a motion for sanctions under Supreme Court Rule 137 (134 Ill. 2d R. 137) and requested that plaintiff be ordered to pay the defendants' attorney fees. Defendants' motion was supported by the affidavit of defense counsel who listed the services performed on the case, the total time expended of 32.65 hours, and an hourly rate of $130.

On March 10, 1992, the trial court entered an order which prescribed a briefing schedule and provided that defendants' motion for sanctions was to be called for hearing on May 8, 1992, at 10:35 a.m., without further notice. The record reflects that plaintiff was present when the court entered this order.

Plaintiff filed a response in opposition to the defendants' motion for sanctions, and defendants filed a reply. When defendants' motion for sanctions was called for hearing on May 8, 1992, plaintiff failed to appear. The trial court granted defendants' motion, finding that plain-

tiff filed his action for breach of the employment agreement knowing that it was not well grounded in fact. The court awarded defendants' attorney fees in the amount of $2,000, based upon 20 hours of legal services billed at $100 per hour. The order which granted defendants' motion and ordered plaintiff to pay the attorney fees included a finding that there was no just cause for delay in enforcement or appeal of the judgment.

On May 28, 1992, plaintiff filed two separate notices of appeal which challenge the grant of summary judgment entered on December 27, 1991; the denial of his post-judgment motion on February 24, 1992; and the grant of defendants' motion for sanctions on May 8, 1992.

■ We initially address defendants' motion to dismiss certain portions of the plaintiff's appeal for lack of jurisdiction. In their motion, defendants contend that plaintiff's appeal of the grant of summary judgment and of the denial of his motion for reconsideration must be dismissed where his notices of appeal on these issues were not timely filed.

Jurisdiction is conferred upon this court only through the timely filing of a notice of appeal. (134 Ill. 2d R. 301; *Hassan v. Wakefield* (1990), 204 Ill. App. 3d 155, 157, 561 N.E.2d 1160; *Kotalik v. Jensen* (1990), 201 Ill. App. 3d 838, 842, 559 N.E.2d 251.) Thus, the requirement that the appellant file a notice of appeal within the prescribed time period is both jurisdictional and mandatory. *In re Estate of Goodlett* (1992), 225 Ill. App. 3d 581, 587, 588 N.E.2d 367; *Hassan*, 204 Ill. App. 3d at 157; *Kotalik*, 201 Ill. App. 3d at 842.

Where an appeal is taken from a final judgment disposing of fewer than all of the parties or claims (134 Ill. 2d R. 304(a)), the time for filing the notice of appeal is governed by the provisions of Supreme Court Rule 303 (134 Ill. 2d R. 303). (See *Kotalik*, 201 Ill. App. 3d at 841.) Rule 303(a)(1) provides that a timely post-trial motion, attacking a final judgment, tolls the time for filing a notice of appeal, and the notice of appeal must be filed within 30 days after the entry of the order disposing of the last pending post-trial motion. 134 Ill. 2d R. 303(a)(1).

The record clearly indicates that the trial court granted summary judgment in favor of defendants on December 27, 1991. On January 17, 1992, plaintiff filed a motion for reconsideration which was denied on February 24, 1992. On the same date that plaintiff's motion for reconsideration was denied, defendants filed a motion for sanctions and request for fees under Supreme Court Rule 137 (134 Ill. 2d R. 137). The order entered on February 24, 1992, included a finding that there

was no just reason to delay enforcement or appeal of the judgment. After a briefing schedule and hearing, the trial court granted defendants' Rule 137 motion for sanctions and awarded defendants attorney fees on May 8, 1992. On May 28, 1992, plaintiff filed his notices of appeal which sought review of the grant of summary judgment, the denial of his motion for reconsideration, and the award of attorney fees.

Because the order entered on February 24, 1992, included a finding that there was no just reason to delay enforcement or appeal of the judgment, plaintiff was obligated to file a notice of appeal within 30 days of the entry of that order. Thus, plaintiff had until March 25, 1992, to file his notice of appeal challenging the grant of summary judgment and the denial of his post-judgment motion. Plaintiff's notices of appeal were not filed until May 28, 1992, well beyond 30 days after the denial of his motion for reconsideration. Although defendants' Rule 137 motion for sanctions was still pending, this motion was not directed against the judgment and did not nullify the court's finding that there was no just reason to delay enforcement or appeal of the judgment. (See *Marsh v. Evangelical Covenant Church* (1990), 138 Ill. 2d 458, 462, 563 N.E.2d 459; *Barter v. Slayback* (1992), 235 Ill. App. 3d 18, 22, 600 N.E.2d 538; *S J S Investments, Ltd. v. La Salle National Bank* (1991), 210 Ill. App. 3d 228, 230, 569 N.E.2d 49.) This court is precluded from reviewing the trial court's grant of summary judgment and denial of plaintiff's post-judgment motion where the notices of appeal were not timely filed. Accordingly, plaintiff's appeal as to these issues is dismissed for lack of jurisdiction. See *In re Estate of Goodlett*, 225 Ill. App. 3d at 587; *Kotalik*, 201 Ill. App. 3d at 842.

■ We next consider the plaintiff's claim that the trial court abused its discretion in granting defendants' motion for sanctions and attorney fees.

Supreme Court Rule 137 allows a court to impose sanctions against a party or counsel who files a pleading or motion which is not well grounded in fact, is not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, or is interposed for any improper purpose. (134 Ill. 2d R. 137.) Because this rule is penal in nature, it must be strictly construed. (*In re Estate of Wernick* (1989), 127 Ill. 2d 61, 77, 535 N.E.2d 876.) The standard for evaluating a party's conduct under this rule is one of reasonableness under the circumstances existing at the time of the filing. (*Lewy v. Koeckritz International, Inc.* (1991), 211 Ill. App. 3d 330, 334, 570 N.E.2d 361; *Couri v. Korn* (1990), 202 Ill. App. 3d 848, 855, 560 N.E.2d 379.) The purpose of Rule 137 is not to penalize liti-

gants merely because they were not successful in the litigation (*Chicago Title & Trust Co. v. Anderson* (1988), 177 Ill. App. 3d 615, 621-22, 532 N.E.2d 595), and sanctions are not warranted simply because the facts ultimately determined are adverse to those set forth in the pleadings (*Schnack v. Crumley* (1982), 103 Ill. App. 3d 1000, 1005, 431 N.E.2d 1364). The party requesting sanctions is obligated to show that the opposing party made assertions of fact which were untrue and were made without reasonable cause. *Johnson v. La Grange State Bank* (1978), 73 Ill. 2d 342, 366, 383 N.E.2d 185; *Couri*, 202 Ill. App. 3d at 855.

In the instant case, plaintiff claimed that his employment agreement had been wrongfully terminated without notice, that defendants had failed to pay him the full amount of compensation due him, and that defendants had made unauthorized deductions from his paychecks as reimbursement for personal expenses. Although plaintiff was unsuccessful in opposing the motion for summary judgment, we do not believe that defendants have established that plaintiff made allegations of fact which were untrue and were made without reasonable cause. We also do not believe that the evidence in the record before us reflects that plaintiff's claims were so totally devoid of merit as to warrant the imposition of sanctions. Consequently, we hold that the trial court abused its discretion in awarding attorney fees to defendants under Rule 137.

For the foregoing reasons, plaintiff's appeals of the grant of summary judgment and of the denial of his post-judgment motion are dismissed for lack of jurisdiction, and the judgment entered against plaintiff for attorney fees is reversed.

Dismissed in part and reversed in part.

McNAMARA, P.J., and RAKOWSKI, J., concur.