JOHN O'CONNELL, a Minor, by his Father and Next Friend, John O'Connell, Plaintiff-Appellee, v. CHICAGO PARK DISTRICT, Defendant-Appellant.

First District (3rd Division)    No. 1—95—1611

Opinion filed August 14, 1996.

Donald J. Suriano, of Chicago, for appellant.

John Newell, of Kenneth J. Wysoglad & Associates, of Chicago, for appellee.

JUSTICE GREIMAN delivered the opinion of the court:

This case presents the question whether the Chicago Park District (defendant) may satisfy payment of the filing fee required to reject an arbitration award under Supreme Court Rule 93(a) (145 Ill. 2d R. 93(a)) by incurring a charge or liability for the fee on its account with the circuit court of Cook County. This issue arises in the context of a personal injury action brought by John O'Connell (plaintiff) on behalf of his minor son, John O'Connell (John), charging defendant with willful and wanton misconduct in maintaining a swing-set located in a City of Chicago (the City) playground.

On July 19, 1994, a mandatory arbitration hearing was held pursuant to Supreme Court Rule 86 (134 Ill. 2d R. 86) and an arbitration award of $12,500 was entered in plaintiff's favor. On August 18, 1994, defendant timely filed its rejection of the arbitration award in accordance with Supreme Court Rule 93(a), which requires notice of a party's rejection of the award and payment of a $200 fee within 30 days of the filing of an award. 145 Ill. 2d R. 93(a). Defendant "paid" the $200 rejection fee pursuant to an arrangement with the clerk's office whereby defendant's filing fees and other costs are charged to its account maintained by the clerk's office. Billing statements are then issued to defendant on what appears to be a quarterly basis.

In the present case, defendant's account was charged the $200 rejection fee on August 18, 1994, within the 30-day period imposed by Supreme Court Rule 93(a), and the billing statement reflecting this charge was issued to defendant on September 14, 1994. Thereafter, a check in the amount of $880, representing the $200 filing fee and similar costs incurred by the defendant, was issued to the clerk of the circuit court on December 8, 1994.

Following defendant's rejection of the award, the matter was set for status on September 13, 1994. Defendant did not appear and the trial court entered an order of default.

Defendant's motion to vacate this default was denied on September 28, 1994, and the matter was set for an evidentiary prove up on October 12, 1994. On October 12, 1994, defendant moved the trial court to reconsider its denial of defendant's motion to vacate. The

court denied this motion and, pursuant to a hearing on plaintiff's damages, entered judgment for plaintiff in the amount of $3,500.

On December 23, 1994, defendant sent plaintiff a check in the amount of $3,500, along with an unexecuted satisfaction of judgment release for plaintiff's signature. However, in the interim between judgment and receipt of defendant's check, counsel for plaintiff "discovered," in the course of reviewing the circuit court case file, the method by which defendant had "paid" the rejection fee. Plaintiff believed the defendant's "payment" failed to satisfy the 30-day requirement of Rule 93(a) and moved the trial court to reinstate the arbitrator's award of $12,500. Plaintiff's motion was stricken since it was not brought pursuant to section 2—1401 of the Code of Civil Procedure. 735 ILCS 5/2—1401 (West 1994). Plaintiff subsequently petitioned the court pursuant to section 2—1401 for relief from the default judgment on January 20, 1995, and sought to have the arbitrator's award reinstated.

On February 17, 1995, the trial court granted plaintiff's petition and entered judgment on the arbitrator's award in the amount of $12,500, specifically finding that had the court known the method by which defendant "paid" the rejection fee, it would have denied the defendant's "purported rejection" as violating Supreme Court Rule 93(a). On March 17, 1995, defendant moved the court to reconsider this ruling or, in the alternative, to extend the time period within which to pay the rejection fee pursuant to Supreme Court Rule 183. 134 Ill. 2d R. 183. The trial court denied defendant's motion on April 10, 1995, and this appeal ensued.

This case turns on resolution of whether defendant's method of payment satisfies the requirements of Supreme Court Rule 93(a). Defendant asserts that "for several years the Chicago Park District, along with numerous other municipal entities and agencies, have established accounts with the Clerk of the Circuit Court of Cook County whereby their filing fees and other fees are charged to their respective accounts and billing statements are thereafter mailed to the respective municipal agencies."

Although the record before this court offers little that speaks to the inception and brief history of the City's payment practice with the clerk's office, it does contain evidence of the transaction at issue. On August 18, 1994, the day defendant filed its rejection of the arbitrator's award, the clerk's office charged the defendant's account and issued a written receipt to defendant's counsel in the amount of $200.

In analyzing Supreme Court Rule 93(a), our task is to ascertain, and give effect to, the intention of our supreme court, and that in-

quiry appropriately begins with the language of the rule. See *Weingart v. Department of Labor*, 122 Ill. 2d 1, 7 (1988). If the language is clear, the court must give it effect and need not look to extrinsic aids for construction. *Weingart*, 122 Ill. 2d at 7.

■ Supreme Court Rule 93(a) provides:

"Within 30 days after the filing of an award with the clerk of the court, and upon payment of the sum of $200 to the clerk of the court, any party who was present at the arbitration hearing, either in person or by counsel, may file with the clerk a written notice of rejection of the award and request to proceed to trial, together with a certificate of service of such notice on all other parties. The filing of a single rejection shall be sufficient to enable all parties except a party who has been debarred from rejecting the award to proceed to trial on all issues of the case without the necessity of each party filing a separate rejection. The filing of a notice of rejection shall not be effective as to any party who is debarred from rejecting an award." 145 Ill. 2d R. 93(a).

■ We believe that "payment" within the meaning of Rule 93(a) includes transactions involving credit, whether pursuant to a credit card or an account established with the clerk's office. To hold otherwise would cloud the validity of transactions involving anything less tangible than cash currency and certainly would be at odds with the realities of modern commerce. Because defendant paid the $200 rejection fee within the time allotted by Rule 93(a), we reverse the trial court's contrary finding.

Plaintiff attempts to support the trial court's ruling with citation to *Killoren v. Racich*, 260 Ill. App. 3d 197 (1994). *Killoren* stands for the proposition that Supreme Court Rule 93(a) requires both notice of the rejection and payment of the rejection fee to be given within 30 days of the filing of the arbitration award. *Killoren*, 260 Ill. App. 3d at 198. We agree. However, in *Killoren*, the rejection fee was not paid within the 30-day period, while here defendant paid the fee in a timely manner. *Killoren* affords the plaintiff no aid or comfort.

As a result of our holding, we reverse the trial court's order of February 17, 1995, which vacated the $3,500 judgment in plaintiff's favor entered on October 12, 1994, and reinstated the arbitrator's award of $12,500. We also affirm the entry of the $3,500 award in light of our holding that the trial court erred in vacating it.

Defendant asks this court to "remand this cause for trial on the merits." Defendant, however, has waived appeal of the default order entered against it on September 13, 1994, by failing to appeal the order until May 10, 1995, well beyond the 30-day limitation imposed by Supreme Court Rule 303(a)(1). 134 Ill. 2d R. 303(a)(1). The trial court's

order of February 17, 1995, does not revest defendant's ability to challenge its default status, and we decline to remand for trial in light of defendant's waiver. See *Reyes v. Compass Health Care Plans*, 252 Ill. App. 3d 1072, 625 N.E.2d 246 (1993) (filing of a timely notice of appeal is both jurisdictional and mandatory).

For the reasons set forth above, we reverse the trial court's order reinstating the arbitrator's award and affirm and reinstate the judgment entered for plaintiff on October 12, 1994.

Affirmed in part and reversed in part.

RIZZI[1] and CERDA, JJ., concur.

---

[1]Justice Rizzi participated in the decision in this appeal prior to his retirement from the Appellate Court of Illinois, First District.